**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SCOTT MACKEY, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:22-cv-00342 ) ) |
| v. | ) Hon. Judge Virginia M. Kendall ) |
| PEOPLECONNECT, INC., a Delaware Corporation, | ) Magistrate Judge Gabriel A. Fuentes ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO CONSOLIDATE AND STAY PROCEEDINGS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ...............................................................................................................1

BACKGROUND .................................................................................................................2

    A. *Bonilla* Is Stayed Pending Resolution of PeopleConnect's Motion To Dismiss. ................2

    B. Bonilla's Lawyers Asserted Substantially Similar Claims On Behalf Of An Overlapping Putative Class In *Mackey*, And Touted Those Similarities In Seeking Reassignment, But Now Oppose Consolidation. ...............................................................3

ARGUMENT .......................................................................................................................4

I. This Court Should Consolidate *Bonilla* And *Mackey*. ..............................................4

II. Regardless Of Whether The Court Consolidates These Cases, It Should Stay *Mackey* Pending Resolution Of *Bonilla*. ........................................................................................5

    A. A Stay Is Warranted Because *Mackey* And *Bonilla* Involve Overlapping Claims, Issues, And Putative Classes. ...................................................................................5

    B. A Stay Is Also Supported Under The First-To-File Rule. ..................................7

    C. A Stay Is Appropriate Despite Any Supposed Differences Relating To Whether Plaintiffs In *Bonilla* And In *Mackey* Must Arbitrate Their Claims. ....................................8

CONCLUSION ..................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aliano v. Quaker Oats Co.*,
  No. 16 C 3087, 2017 WL 56638 (N.D. Ill. Jan. 4, 2017) ..........................................7

*Askin v. Quaker Oats Co.*,
  No. 11 CV 111, 2012 WL 517491 (N.D. Ill. Feb. 15, 2012) ..................................6, 7

*Blair v. Equifax Check Servs., Inc.*,
  181 F.3d 832 (7th Cir. 1999) ..................................................................................4

*Chicago Tchrs. Union, Local 1 v. Bd. of Educ. of City of Chicago*,
  No. 12 C 10311, 2021 WL 1020991 (N.D. Ill. Mar. 17, 2021) ...............................4

*Gatlin v. United Parcel Serv., Inc.*,
  No. 18-cv-03135, 2018 WL 10161198 (C.D. Cal. Aug. 23, 2018) ......................7, 8

*Guill v. All. Res. Partners, L.P.*,
  No. 16-CV-0424, 2017 WL 1132613 (S.D. Ill. Mar. 27, 2017) ........................6, 7, 8

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ..................................................................................................6

*Lewert v. P.F. Chang's China Bistro, Inc.*,
  819 F.3d 963 (7th Cir. 2016) ....................................................................................4

*Nicholson v. Nationstar Mortg. LLC of Del.*,
  No. 17-cv-1373, 2018 WL 3344408 (N.D. Ill. July 6, 2018) ................................6, 8

*Pfizer Inc. v. Apotex Inc.*,
  640 F. Supp. 2d 1006 (N.D. Ill. 2009) .....................................................................7

*Stingley v. Laci Transp., Inc.*,
  No. 18-cv-06221, 2020 WL 12182491 (N.D. Ill. Dec. 1, 2020).................................4

*Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*,
  410 F.3d 964 (7th Cir. 2005) ..................................................................................6

**Rules**

Fed. R. Civ. P. 42(a)(2)..................................................................................................4

## INTRODUCTION

It is axiomatic that when two cases raise overlapping claims on behalf of overlapping putative classes, they should be consolidated and the later-filed, duplicative case should not proceed. This prevents unnecessary and wasteful use of the Court's and the parties' resources, as the first case can narrow, if not obviate entirely, the need for a second case.

That is the precise scenario presented here. Plaintiff Scott Mackey alleges the same claims, under the same state law, against the same defendant purporting to represent a seemingly identical class as the two plaintiffs alleged in *Bonilla, et al. v. PeopleConnect, Inc.*, No. 1:21-cv-00051. *Bonilla*, of course, already is pending before this Court, awaiting a decision on a fully briefed motion to compel arbitration and motion to dismiss. Furthermore, the plaintiffs in *Bonilla*, represented by the same lawyers that represent Mackey, moved to have this case reassigned to this Court because both cases involve "same property … the same issues of fact and law … the same acts and omissions by PeopleConnect … and the classes are the same." Mot. for Reassignment of Related Case, ¶10, *Bonilla*, No. 21-cv-00051 (N.D. Ill. Jan. 21, 2022), ECF No. 64 ("*Bonilla* Mot.").

In these circumstances, judicial economy and efficiency overwhelmingly support consolidating *Mackey* with *Bonilla* and staying further proceedings in *Mackey* until *Bonilla* is resolved. The Court should grant this Motion and do exactly that.[1]

---

[1] Defendant does not concede that any federal court is the proper forum for the claims in *Bonilla* or in *Mackey* and maintains that both cases should be dismissed in favor of arbitration. Nothing in this motion should be construed as a waiver of Defendant's right to move to compel arbitration or to move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12.

**BACKGROUND**

**A.    *Bonilla* Is Stayed Pending Resolution of PeopleConnect's Motion To Dismiss.**

Plaintiffs Sergio Bonilla and Theresa Loendorf ("*Bonilla* Plaintiffs") initially filed separate, but substantially similar, putative class action lawsuits against PeopleConnect, Inc. ("PeopleConnect") in the Northern District of Illinois. After the cases were consolidated (*see Bonilla*, Order Granting Mot. to Reassign, Consolidate Related Actions (Mar. 12, 2021), ECF No. 16), Bonilla and Loendorf filed a consolidated class action complaint asserting purported violations of the Illinois Right of Publicity Act and related common law claims, on behalf of a putative class of Illinois residents, arising from PeopleConnect's alleged use of their names and likenesses on Classmates.com. *Bonilla*, Consol. Compl. (Apr. 20, 2021), ECF No. 37 ("*Bonilla* Consol. Compl.").

PeopleConnect moved to compel arbitration or, in the alternative, to dismiss the Consolidated Complaint. *See Bonilla* Mot. to Dismiss Mem. (May 10, 2021), ECF No. 45. In seeking to compel arbitration, PeopleConnect argued that the *Bonilla* Plaintiffs were bound to arbitrate their claims because their attorney, while acting as their agent, agreed to the Classmates.com Terms of Service (TOS), including its arbitration provision and class action waiver, in order to access the website to perform searches and obtain information and screenshots to include in the Complaint.[2] *Bonilla* Mot. to Dismiss Mem. at 2–3, 5. ECF No. 45. In the alternative, PeopleConnect advanced a range of reasons why *Bonilla* should be dismissed on the merits pursuant to Fed. R. Civ. P. 12(b)(6).

---

[2] Bonilla also agreed to arbitrate when he created a Classmates.com account. *See Bonilla* Mot. to Dismiss Mem. ECF No. 45 at 3–4.

Defendant moved this Court to stay discovery pending resolution of its Motion to Dismiss because it raised "several threshold or otherwise case-dispositive arguments" including that "Plaintiffs agreed to arbitrate their claims." Bonilla Mot. to Stay Discovery Mem. (Apr. 5, 2021), ECF No. 29 at 2–3. The next day, this Court granted PeopleConnect's motion to stay discovery, without awaiting the response of the *Bonilla* Plaintiffs. Bonilla Minute Entry (Apr. 6, 2021), ECF No. 31. As of the filing of this Motion, PeopleConnect's motion to dismiss in *Bonilla* is fully briefed and pending before the Court.

> **B.** **Bonilla's Lawyers Asserted Substantially Similar Claims On Behalf Of An Overlapping Putative Class In *Mackey*, And Touted Those Similarities In Seeking Reassignment, But Now Oppose Consolidation.**

On January 20, 2022, more than a year after the same attorneys first filed a putative class action complaint in *Bonilla*, those attorneys filed a substantively identical putative class action complaint on behalf of Plaintiff Mackey. Compl., Dkt. No. 1. As in *Bonilla*, the *Mackey* complaint alleges that Classmates.com violated the Illinois Right of Publicity Act based on the alleged use of Mackey's name and images without consent on Classmates.com. *Id.* ¶¶1, 21–22. In addition, also as in *Bonilla*, the complaint in *Mackey* pleads Illinois common law claims under the same theory. *Id.* ¶¶82–86. And, also like *Bonilla*, the complaint in *Mackey* is pleaded as a putative class action on behalf of Illinois residents. *Id.* ¶65.

*Mackey* originally was assigned to Judge Gettleman, but the *Bonilla* Plaintiffs moved to have *Mackey* reassigned to this Court. *See* Bonilla Mot., ECF No. 64. In their motion, the *Bonilla* Plaintiffs argued that the two cases "involve individual and class-wide claims against the same defendant website based on the same conduct," noted the "substantial overlap in issues of law and fact between the two cases," and took the position that the cases "are susceptible to disposition in a single proceeding." *Id.* ¶¶1, 15, 17. They further argued that relating *Bonilla* and *Mackey* would result in the "substantial saving of judicial resources" because "discovery and evidentiary rulings

would be consistent, and motion practice would be made more efficient." *See id*. ¶¶1, 2, 3, 10. Plaintiff Mackey did not oppose that motion.

Recognizing the substantial overlap between *Bonilla* and *Mackey* and seeking to avoid wasteful and duplicative litigation, counsel for PeopleConnect did not object to the *Bonilla* Plaintiffs' motion to relate these two cases. In addition, in light of the position that Plaintiffs took in that motion, PeopleConnect requested that counsel for Mackey agree to stay this action pending resolution of *Bonilla*. *See* Declaration of Debbie L. Berman Ex. 2. Mackey's counsel refused. *Id.*

## ARGUMENT

### I. This Court Should Consolidate *Bonilla* And *Mackey*.

The Seventh Circuit has explained that consolidation is "[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court." *Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 839 (7th Cir. 1999). Consolidation thus is permissible where two cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2).

Consolidation often is ordered where two cases are related and assert claims on behalf of the same or similar putative class. *See, e.g.*, *Stingley v. Laci Transp., Inc.*, No. 18-cv-06221, 2020 WL 12182491, at *4 (N.D. Ill. Dec. 1, 2020) (consolidating later- and earlier-filed related cases that alleged the same proposed subclasses).[3] That is true here. This Court already has determined that *Bonilla* and *Mackey* are related. Dkt. Nos. 10, 11; *Bonilla* Minute Entry (Feb. 8, 2022), ECF No. 69. And the *Bonilla* Plaintiffs, represented by the same counsel, already have admitted that the two

---

[3] *Chicago Tchrs. Union, Local 1 v. Bd. of Educ. of City of Chicago*, No. 12 C 10311, 2021 WL 1020991, at *1 (N.D. Ill. Mar. 17, 2021) (consolidating new case with earlier related class action); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965 (7th Cir. 2016) (noting second-filed putative class action was consolidated with earlier filed putative class action asserting the same claims).

4

cases involve "the same issues of fact and law" and that "the classes are the same." Bonilla Mot. ¶10, ECF No. 64. Accordingly, consolidation is appropriate.[4]

In an identical scenario, another district court ordered consolidation and entered a stay in a case brought against PeopleConnect by these same attorneys. Counsel for Mackey also represents the plaintiffs in *Izzo et al. v. PeopleConnect, Inc.*, No. 2:22-cv-00016-MJP (W.D. Wash.), who are pursuing in the Western District of Washington claims under Ohio law on behalf of a putative class of Ohio residents similar to the claims and putative class at issue here. That action was filed approximately one year after the filing of a virtually identical putative class action complaint in *Knapke v. PeopleConnect, Inc.*, 2:21-cv-00262-MJP (W.D. Wash.), which was stayed pending an interlocutory appeal of the denial of the motion to compel arbitration. After initially opposing PeopleConnect's request that *Izzo* and *Knapke* be consolidated by claiming that differences regarding PeopleConnect's arbitration defense differed as between the two cases, counsel in *Izzo* reversed course and agreed to consolidation after the court *sua sponte* ordered the plaintiffs "to SHOW CAUSE why [*Izzo*] should not be consolidated with [*Knapke*]" and were confronted by PeopleConnect with evidence conclusively showing that there was no material factual distinction between the two cases with respect to arbitration. Berman Decl. Exs. 1, 2.

II. **Regardless Of Whether The Court Consolidates These Cases, It Should Stay *Mackey* Pending Resolution Of *Bonilla*.**

   A. **A Stay Is Warranted Because *Mackey* And *Bonilla* Involve Overlapping Claims, Issues, And Putative Classes.**

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

---

[4] For simplicity and efficiency, PeopleConnect proposes that the Court wait to consider how to effectuate consolidation in this case until after it decides the *Bonilla* motion to dismiss.

and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In "determining whether a later-filed case should be stayed" when two "cases purport to represent the same class," the court considers whether a stay will: "reduce the burden of litigation on the parties and on the court," "simplify the issues in question and streamline the trial," and "unduly prejudice or tactically disadvantage the non-moving party." *Guill v. All. Res. Partners, L.P.*, No. 16-CV-0424, 2017 WL 1132613, at *2–3 (S.D. Ill. Mar. 27, 2017) (staying second case and quoting *Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491 (N.D. Ill. Feb. 15, 2012)). Here, all three criteria for a stay are easily satisfied.

*First*, as Plaintiffs themselves admitted, *Mackey* and *Bonilla* involve "the same issues of fact and law … and the classes are the same." *Bonilla* Mot. ¶10, ECF No. 64. Accordingly, a stay will "preserve the resources of the parties and reduce the burden of litigation on the Court." *Nicholson v. Nationstar Mortg. LLC of Del.*, No. 17-cv-1373, 2018 WL 3344408, at *5–6, *9 (N.D. Ill. July 6, 2018) (staying three putative class actions pending the outcome of a related putative class action where proposed classes are the same or "substantially overlap"); *see Askin*, 2012 WL 517491, at *4, *6 (staying later-filed putative class action pending decision in earlier-filed consolidated putative class action with "substantial, if not complete, overlap" of class members).

*Second*, a stay will streamline the litigation and avoid hardship to PeopleConnect by obviating the need to expend significant resources to re-litigate issues in *Mackey* that are substantially similar to, if not identical to, the issues in *Bonilla*. A stay also will avoid unnecessarily burdening the Court with duplicative motion practice and other litigation activities.

6

*Third*, a stay will not prejudice Mackey. Despite professed concerns by Plaintiff's counsel, delay is neither prejudicial nor grounds to deny a stay—every stay by its nature causes some delay. *See, e.g.*, *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1008 (N.D. Ill. 2009) (granting stay when "a delay of limited duration" would not unduly prejudice the non-moving party). Nor can Mackey credibly claim a stay will cause prejudice beyond delay. A stay does not harm any of Mackey's rights because PeopleConnect suppressed his name and image from Classmates.com. Declaration of Tara McGuane ¶11. Moreover, Mackey is a member of the putative class of Illinois residents purportedly represented by the *Bonilla* Plaintiffs. *See, e.g.*, *Aliano v. Quaker Oats Co.*, No. 16 C 3087, 2017 WL 56638, at *4 (N.D. Ill. Jan. 4, 2017) (staying putative class action pending resolution of earlier case where plaintiffs "are putative members of the class"); *Askin*, 2012 WL 517491, at *4, *6 (staying later-filed case caused no "undue harm" to plaintiff who was a member of putative class in earlier-filed case). And while the Court need not consider how a stay may potentially impact the members of the putative class propounded by Mackey, their rights are protected by *Bonilla* all the same.

### B.  A Stay Is Also Supported Under The First-To-File Rule.

A stay also is consistent with the first-to-file rule, which "provides that a district court may, for purposes of judicial administration, dismiss or stay a suit 'when it is duplicative of a parallel action that is already pending in another federal court.'" *Guill*, 2017 WL 1132613, at *2–3 (citation omitted) (applying first-to-file rule and staying later-filed case when duplicative cases with overlapping classes asserting the same claims were pending before the same judge in the same district); *Gatlin v. United Parcel Serv., Inc.*, No. 18-cv-03135, 2018 WL 10161198, at *4, *7 (C.D. Cal. Aug. 23, 2018) (applying first-to-file rule and staying putative class claims in second case because "it would be most efficient to defer any rulings" until a decision in the first case could result in "narrower issues to be litigated" in the second case). There is no dispute that *Bonilla* was

7

filed before *Mackey*. Plaintiffs have represented to the Court that *Bonilla* and *Mackey* are substantially similar. *Supra* pp. 6–7. Also as discussed above, *id.*, staying *Mackey* pending the outcome of *Bonilla* serves judicial economy and protects this Court and the parties from unnecessarily re-litigating in *Mackey* issues that are being addressed in *Bonilla*. Accordingly, the Court is well within its discretion to stay *Mackey* based on the first-to-file rule. *See Guill*, 2017 WL 1132613, at *2–3; *see also Nicholson*, 2018 WL 3344408, at *5–6, *9.

### C. A Stay Is Appropriate Despite Any Supposed Differences Relating To Whether Plaintiffs In *Bonilla* And In *Mackey* Must Arbitrate Their Claims.

As the *Bonilla* Plaintiffs admitted to this Court, *Mackey* presents the same arbitration issue pending in *Bonilla*, at least with respect to the second plaintiff in that action, Loendorf. Nevertheless, counsel for Mackey has indicated to counsel for PeopleConnect that he will oppose this Motion because of supposed factual distinctions related to whether Mackey is bound to arbitrate. Berman Decl. Ex. 2. This argument is unavailing.

*First*, this position contradicts the position taken by the same counsel in seeking to relate this case to *Bonilla*: "Plaintiffs' counsel are aware of only one issue of fact"—that Bonilla had his own Classmates.com account—"that differs between the three cases." *Bonilla* Mot. ¶11, ECF No. 64. They did not argue that Mackey's arbitration issues differ in any way from those of Loendorf (the other plaintiff in the consolidated *Bonilla* complaint). *Id.* ¶¶1, 11.

*Second*, although Plaintiff here seems to attach great significance to the fact that, unlike in *Bonilla*, "counsel prepared [Mackey's] complaint without including screenshots from the Classmates.com website," *see* Dkt. No. 1, Mackey Compl. ¶40, that is irrelevant. Mackey's complaint still contains information that only could be accessed after agreeing to the TOS and its arbitration provision. *See* McGuane Decl. ¶10. For example, Mackey (like Plaintiffs in *Bonilla*) alleges he was aware that his name and likeness are in the Classmates.com database, which

8

allegedly caused "distress[]." *See* [Mackey Compl. ¶¶3, 63–64](); *see* [Bonilla Consol. Compl. ¶¶42–44 (Bonilla), ¶¶46–50 (Loendorf), ECF No. 37](). Mackey also alleges how photographs and text appear on the website, what occurs after users search for a particular person on the website, details about registration options offered on the website, and what occurs after a user clicks on photographs on the website. *See* [Mackey Compl. ¶¶49–54](). Mackey cannot avoid the conclusion that his counsel accessed Classmates.com on his behalf by purporting to plead certain allegations on "information and belief." *Id.* ¶40. The descriptions of how photographs and text appear on the website, what occurs after users search for a particular person on the website, details about registration options offered on the website, and what occurs after a user clicks on photographs on the website (*see, e.g.*, *id.* ¶¶5–8) only are accessible after first agreeing to the TOS. McGuane Decl. ¶10. That makes it plain that Mackey accepted the benefit of counsel's agreement (which the record in *Bonilla* establishes), and thus is bound to arbitrate for the same reasons explained in *see* [Bonilla, Mot. to Dismiss Mem. at 2–7, ECF No. 45]().[5]

Accordingly, as in *Izzo*, *supra* p. 5, Mackey erroneously contends his case is distinct from *Bonilla* even though both cases assert overlapping claims on behalf of an overlapping putative class and implicate the same core questions about whether Plaintiffs are bound to arbitrate their claims. So here, just as in *Izzo,* this Court should forestall wasteful litigation by staying *Mackey* until this Court decides *Bonilla*.

---

[5] Any suggestion Plaintiff would make that his counsel did not access the website in preparing his complaint is further belied by the fact that, just as with Loendorf, someone searched for Mackey on Classmates.com shortly before the Complaint was filed, in areas that require agreement to the TOS. *See* McGuane Decl. ¶10. That timing suggests the searches were performed by someone acting on Mackey's behalf (whether his lawyer or someone working at their or his direction) to create Mackey's claim and gather data to bolster it (regardless of whether counsel included screenshots of that data in Mackey's complaint).

## **CONCLUSION**

For the foregoing reasons, this Court should: (1) consolidate this action with *Bonilla v. PeopleConnect, Inc.*; (2) stay further proceedings in this action pending resolution of *Bonilla*; (3) hold PeopleConnect's time to respond to the Complaint in abeyance; and (4) vacate the status hearing set for April 6, 2022 (Dkt. No. 10).

Dated: March 3, 2022

Respectfully Submitted,

PEOPLECONNECT, INC.

By: */s/ Wade A. Thomson*

Wade A. Thomson, #6282174
Debbie L. Berman, #6205154
Clifford W. Berlow, #6292383
Sarah L. Futernick, #6315365
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
wthomson@jenner.com
dberman@jenner.com
cberlow@jenner.com
sfuternick@jenner.com

*Attorneys for Defendant PeopleConnect, Inc.*

# **CERTIFICATE OF SERVICE**

    I, Wade A. Thomson, certify that on March 3, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

                                                        /s/ *Wade A. Thomson*
                                                            Wade A. Thomson