# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCOTT MACKEY, on behalf of himself and all others similarly situated, ) ) ) | |
| ) | Case No. 1:22-cv-00342 |
| Plaintiff, ) ) | |
| ) | Hon. Judge Virginia M. Kendall |
| v. ) ) | |
| ) | Magistrate Judge Gabriel A. Fuentes |
| PEOPLECONNECT, INC., a Delaware ) | |
| Corporation, ) ) | |
| Defendant. ) | |

## DECLARATION OF DEBBIE L. BERMAN
## IN SUPPORT OF DEFENDANT'S MOTION TO STAY.

I, Debbie L. Berman, hereby declare:

1. I am a Partner at Jenner & Block LLP ("Jenner") in its Chicago, Illinois office. I am counsel for PeopleConnect, Inc. ("PeopleConnect") in this litigation, in *Bonilla, et al. v. PeopleConnect, Inc.*, No. 21-cv-0051 (N.D. Ill.) ("*Bonilla*"), in *Knapke v. PeopleConnect, Inc.*, 2:21-cv-00262-MJP (W.D. Wash.), and in *Izzo, et al. v. PeopleConnect, Inc.*, No. 2:22-cv-0016 (W.D. Wash.) ("*Izzo*"). I have personal knowledge of the facts set forth herein.

2. Attached as **Exhibit 1** is a true and correct copy of a *sua sponte* Order to Show Cause issued by Judge Pechman in *Izzo et al. v. PeopleConnect, Inc.*, No. 2:22-cv-00016-MJP (W.D. Wash.), ECF No. 10, ordering plaintiff "to SHOW CAUSE why [*Izzo*] should not be consolidated with [*Knapke*]."

3. After the court in *Izzo* issued the Order to Show Cause, I emailed counsel for Izzo (who is also counsel for Mackey) inquiring whether plaintiff Izzo would consent to consolidate and stay his action because it is duplicative of another putative class action pending in the Western District of Washington. Izzo's counsel refused, asserting: "[i]n both *Bonilla/Loendorf* and *Knapke*, your client has taken the position that because the complaint included screenshots gathered by

plaintiffs' attorneys from the Classmates.com website, the plaintiffs accepted the 'benefit' of the screenshots and are therefore bound to an arbitration agreement. As you know, we dispute this argument. However, in *Mackey* and *Izzo*, neither complaint includes screenshots gathered from the Classmates.com website. Accordingly, *Mackey* and *Izzo* are different from *Bonilla/Loendorf* and *Knapke* on the very issue that has most defined the procedural posture in *Knapke*." A true and correct copy of the email chain is attached as **Exhibit 2.**

4. In response, I informed Izzo's counsel that we learned "information that demonstrates that [their] answers were untrue and misleading" including that counsel "searched on Classmates.com for both Izzo and Wilson, using his 'Ben Whipple' account, multiple times shortly before the Complaint was filed. Given the timing it is clear that [counsel] undertook those searches as Plaintiffs' agent, long after he agreed to the Terms of Service (and underlying arbitration provision) in 2019 and did not opt out. Given the allegations in the Complaint it is clear that Plaintiffs' purported 'information and belief' about the content of Classmates.com was based on [counsel's] access to the website and that Plaintiffs knowingly accepted the benefits of that access." *Id.*

5. Faced with this information, Izzo's counsel responded that she understood "that PeopleConnect's arbitration argument as to Izzo and Wilson will be informed by the outcome of the *Knapke* appeal" and "agree[d] that consolidation of *Izzo* and *Knapke* should proceed" and that Izzo would not "oppose a stay of *Izzo* pending the outcome of the appeal in *Knapke*." *Id.*

6. In the same email chain, I also requested that counsel for Mackey (who is the same as counsel for Izzo) consent to stay *Mackey* based on the pending motion to dismiss in *Bonilla*. Plaintiff's counsel refused, again citing supposed differences in "facts surrounding any motion to compel arbitration." *Id.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I executed this declaration on March 3, 2022, in Chicago, Illinois.

*/s/ Debbie L. Berman*
Debbie L. Berman

2