# EXHIBIT 2

| From: | Raina Borrelli <raina@turkestrauss.com> |
|---|---|
| Sent: | Friday, February 25, 2022 11:38 AM |
| To: | Berman, Debbie L.; Benjamin Osborn; Sam Strauss; Michael Ram x20021; Marie Appel x20020 |
| Cc: | Thomson, Wade A.; Berlow, Clifford W.; Gershengorn, Ian Heath; Mike Rosenberger; Suskin, Howard S.; Gillett, Gabriel K.; Futernick, Sarah L.; Brittany Resch; Shannon M. McNulty |
| Subject: | RE: Mackey and Izzo/Wilson |
| Attachments: | Classmates.com- Scott Mackey |

External Email – Exercise Caution

Hi Debbie,

Your accusations of gamesmanship and lack of candor are unsupported by the facts. With respect to *Izzo,* as I explained in my prior email, we were simply not operating with all the information at the time we spoke, and I subsequently corrected any confusion about the searches done in our investigation (although we maintain that our pre-suit investigation is protected attorney work product). With respect to *Mackey*, I sent you a pre-suit letter on January 11 (see attached) informing you of Mr. Mackey's claim, making clear that any pre-suit investigation by his counsel was not an authorization by Mr. Mackey to arbitrate, and providing you information about Mr. Mackey so that you could conduct any investigation you deemed necessary prior to the complaint being filed.

To avoid any confusion, I will once again clarify our position on why consolidation of *Mackey* and *Bonilla* is inappropriate. In *Bonilla*, PeopleConnect argues that Mr. Bonilla is subject to its arbitration agreement based on an account he created in 2007. In *Mackey*, Mr. Mackey has never created a [classmates.com](classmates.com) account or visited [classmates.com](classmates.com), nor has Mr. Mackey's counsel visited [classmates.com](classmates.com) for the purpose of searching for Mr. Mackey to gather screenshots as part of their investigation. Furthermore, in *Mackey*, we sent the Jan. 11 pre-suit letter clearly stating that Mr. Mackey does not consent to arbitration, nor does he consent to his counsel agreeing to arbitration on his behalf. And we performed our investigation of Mr. Mackey's claims using an account for which counsel executed the exact procedures your client told the Ninth Circuit would retain the right to a judicial forum. Therefore, we think any motion to compel arbitration that PeopleConnect brings as to Mr. Mackey will be entirely frivolous and brought for the purpose of harassment and delay, and we intend to inform the Court as such. There is no reason to delay Mr. Mackey's (and the putative Illinois class's) claims from moving forward while the motion to compel arbitration is litigated in *Bonilla*. I will say again, we remain open to stipulating to certain portions of the order on the motion to dismiss in *Bonilla* and are agreeable to coordinating discovery in *Mackey* and *Bonilla*.

Thank you,

Raina

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Thursday, February 24, 2022 4:35 PM
**To:** Raina Borrelli <raina@turkestrauss.com>; Benjamin Osborn <ben@benosbornlaw.com>; Sam Strauss <Sam@turkestrauss.com>; Michael Ram x20021 <MRam@forthepeople.com>; Marie Appel x20020 <MAppel@forthepeople.com>
**Cc:** Thomson, Wade A. <WThomson@jenner.com>; Berlow, Clifford W. <CBerlow@jenner.com>; Gershengorn, Ian Heath <IGershengorn@jenner.com>; Mike Rosenberger <mrosenberger@gordontilden.com>; Suskin, Howard S. <HSuskin@jenner.com>; Gillett, Gabriel K. <GGillett@jenner.com>; Futernick, Sarah L. <SFuternick@jenner.com>;

Brittany Resch <brittanyr@turkestrauss.com>; Shannon M. McNulty <smm@cliffordlaw.com>
**Subject:** RE: Mackey and Izzo/Wilson

Raina:

We are disappointed that plaintiff's counsel continues play games in these cases especially after the lack of candor during our last call. As I explained during our *Izzo* meet and confer, the law is clear that a stay is warranted when the proposed classes and claims overlap, even if the issues are not exactly the same. That is indisputably the situation in *Mackey* (as you told the Court yourself in seeking reassignment) as to whether Plaintiff must arbitrate his claims and whether he has stated a claim at all. So your reasoning for not agreeing to a stay does not hold up. The law also is clear that the plaintiff has to have a factual basis for his complaint, including those allegations pled on information and belief. So what is his basis for alleging his belief that his name and photos are being used by Classmates? I don't understand why you are expecting defendants to provide the factual basis for your client's beliefs, or to inform you about searches that were done on behalf of your client by his attorney and which your client benefited from.

The bottom line is that there is no basis for litigating *Mackey* further at least until the motion to dismiss is decided in *Bonilla*. In our motion to stay, we intend on making that clear and on informing the court of the inappropriate gamesmanship that has been occurring in these cases and how it wasted other courts' time and our client's resources.

Best,
Debbie

---

**From:** Raina Borrelli <raina@turkestrauss.com>
**Sent:** Wednesday, February 23, 2022 8:07 PM
**To:** Berman, Debbie L. <DBerman@jenner.com>; Benjamin Osborn <ben@benosbornlaw.com>; Sam Strauss <Sam@turkestrauss.com>; Michael Ram x20021 <MRam@forthepeople.com>; Marie Appel x20020 <MAppel@forthepeople.com>
**Cc:** Thomson, Wade A. <WThomson@jenner.com>; Berlow, Clifford W. <CBerlow@jenner.com>; Gershengorn, Ian Heath <IGershengorn@jenner.com>; Mike Rosenberger <mrosenberger@gordontilden.com>; Suskin, Howard S. <HSuskin@jenner.com>; Gillett, Gabriel K. <GGillett@jenner.com>; Futernick, Sarah L. <SFuternick@jenner.com>; Brittany Resch <brittanyr@turkestrauss.com>; Shannon M. McNulty <smm@cliffordlaw.com>
**Subject:** RE: Mackey and Izzo/Wilson

External Email – Exercise Caution

Hi Debbie,

Thank you for putting together the joint motion and proposed order for *Izzo*. Our minor edits to the motion attached. No edits from us on the PO.

With respect to the *Mackey* case, our position remains unchanged because the facts surrounding any motion to compel arbitration PeopleConnect may file as to Mr. Mackey are meaningfully different than for Mr. Bonilla, where PeopleConnect's argument focuses on the actions of the plaintiff as opposed to plaintiff's counsel. Thus, the outcome of the arbitration motion in *Bonilla* will have little relevance to *Mackey*. However, if you can provide details regarding the searches that you believe were done for Mackey (i.e. what account was used and dates of searches) that will help us evaluate our position (although I expect it will not change). Additionally, as I indicated earlier in this email chain, we remain open to stipulating to certain portions of the order on the motion to dismiss in *Bonilla* and are agreeable to coordinating discovery in *Mackey* and *Bonilla*.

Thank you,

Raina

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Tuesday, February 22, 2022 9:44 PM
**To:** Raina Borrelli <raina@turkestrauss.com>; Benjamin Osborn <ben@benosbornlaw.com>; Sam Strauss <Sam@turkestrauss.com>; Michael Ram x20021 <MRam@forthepeople.com>; Marie Appel x20020 <MAppel@forthepeople.com>
**Cc:** Thomson, Wade A. <WThomson@jenner.com>; Berlow, Clifford W. <CBerlow@jenner.com>; Gershengorn, Ian Heath <IGershengorn@jenner.com>; Mike Rosenberger <mrosenberger@gordontilden.com>; Suskin, Howard S. <HSuskin@jenner.com>; Gillett, Gabriel K. <GGillett@jenner.com>; Futernick, Sarah L. <SFuternick@jenner.com>; Brittany Resch <brittanyr@turkestrauss.com>
**Subject:** RE: Mackey and Izzo/Wilson

Raina:

Thank you for agreeing to have *Izzo* consolidated with *Knapke* and stayed pending the outcome of the *Knapke* appeal. I have attached a draft joint motion to effectuate that agreement along with a proposed order. Please let us know if we have your approval to file.

While we are on the topic of managing these cases efficiently to avoid unnecessary time and expense, we wanted to revisit Mackey. We believe that *Mackey* should be stayed for the same reasons as *Izzo*. As I mentioned during our last conference before Judge Kendall, a stay makes sense for the Court and the parties because the outcome of that *Bonilla* motion will inform whether and how *Mackey* can go forward (if at all). Indeed, in asking the Court to reassign *Mackey* to Judge Kendall, you wrote that *Bonilla* and *Mackey* "involve individual and class-wide claims against the same defendant website based on the same conduct," noted the "substantial overlap in issues of law and fact between the two cases," and took the position that the cases "are susceptible to disposition in a single proceeding." *Bonilla* Dkt. 64 at ¶¶1, 15, 17. Just as that reasoning supports our agreement to stay *Izzo* until the *Knapke* appeal is decided—notwithstanding any supposed differences in the arguments you are advancing to try to avoid arbitration—that same reasoning strongly supports staying *Mackey* until the motion to dismiss in *Bonilla* is decided. And we know that searches were done for Mackey that required agreement to the TOS shortly before the complaint was filed as well.

We hope you will agree, and obviate unnecessary motion practice, in the interest of efficiency and economy for both the parties and the Court.

Best,
Debbie

**From:** Raina Borrelli <raina@turkestrauss.com>
**Sent:** Tuesday, February 22, 2022 11:01 PM
**To:** Berman, Debbie L. <DBerman@jenner.com>; Benjamin Osborn <ben@benosbornlaw.com>; Sam Strauss <Sam@turkestrauss.com>; Michael Ram x20021 <MRam@forthepeople.com>; Marie Appel x20020 <MAppel@forthepeople.com>
**Cc:** Thomson, Wade A. <WThomson@jenner.com>; Berlow, Clifford W. <CBerlow@jenner.com>; Gershengorn, Ian Heath <IGershengorn@jenner.com>; Mike Rosenberger <mrosenberger@gordontilden.com>; Suskin, Howard S. <HSuskin@jenner.com>; Gillett, Gabriel K. <GGillett@jenner.com>; Futernick, Sarah L. <SFuternick@jenner.com>; Brittany Resch <brittanyr@turkestrauss.com>
**Subject:** RE: Mackey and Izzo/Thomas

External Email – Exercise Caution

Hi Debbie,

Thank you for sharing this information. After considering this issue on our end, we agree that consolidation of *Izzo* and *Knapke* should proceed. We will not oppose a stay of *Izzo* pending the outcome of the appeal in *Knapke*.

To be clear, we were not untruthful or misleading on our meet and confer last week. We simply did not have all the information yet. Ben did not say that any searches were "hypothetical." Rather, he said that the potential arbitration issue was hypothetical because there were no screenshots shown in the complaint. Additionally, we were under the mistaken belief that any searches done pursuant to Rule 11 prior to preparing the complaint were performed using the account that Ben has properly opted out of PeopleConnect's arbitration provision. Although we continue to believe that our pre-suit investigation is protected by attorney-client work product and that any discussions with our clients regarding their specific factual allegations are protected by attorney-client privilege, we acknowledge that some searches were done using the "Ben Whipple" account and thus understand that PeopleConnect's arbitration argument as to Izzo and Wilson will be informed by the outcome of the *Knapke* appeal. However, we continue to believe PeopleConnect's arbitration arguments are frivolous.

Please circulate a draft stipulated motion to consolidate for our review.

Thank you,

Raina

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Tuesday, February 22, 2022 8:49 AM
**To:** Raina Borrelli <raina@turkestrauss.com>; Benjamin Osborn <ben@benosbornlaw.com>; Sam Strauss <Sam@turkestrauss.com>; Shannon M. McNulty <SMM@cliffordlaw.com>; Michael Ram x20021 <MRam@forthepeople.com>; Marie Appel x20020 <MAppel@forthepeople.com>
**Cc:** Thomson, Wade A. <WThomson@jenner.com>; Berlow, Clifford W. <CBerlow@jenner.com>; Gershengorn, Ian Heath <IGershengorn@jenner.com>; Mike Rosenberger <mrosenberger@gordontilden.com>; Suskin, Howard S. <HSuskin@jenner.com>; Gillett, Gabriel K. <GGillett@jenner.com>; Futernick, Sarah L. <SFuternick@jenner.com>
**Subject:** RE: Mackey and Izzo/Thomas

All:

I write to follow up on last week's meet-and-confer, in advance of your deadline to submit a response to Judge Pechman's order to show cause why *Izzo* should not be consolidated with *Knapke*.

During our meeting, you took the position that Izzo and Wilson supposedly are not bound to arbitrate their claims because their Complaint does not include screenshots of Classmates.com and instead the Complaint makes certain allegations related to the website solely on "information and belief." You also stated that the account you would have used to procure screenshots had opted out of arbitration. When I asked directly which account you were referring to, Ben responded that the issue was "hypothetical" because there had been no searches. Sam also refused to explain the factual basis for Plaintiffs' allegations that, on "information and belief," their images appear on Classmates.com and their knowledge of their images appearing caused them distress.

We have learned information that demonstrates that your answers were untrue and misleading. Based on further investigation, we now know that Ben searched on Classmates.com for both Izzo and Wilson, using his "Ben Whipple" account, multiple times shortly before the Complaint was filed. Given the timing it is clear that Ben undertook those searches as Plaintiffs' agent, long after he agreed to the Terms of Service (and underlying arbitration provision) in 2019 and did not opt out. Given the allegations in the Complaint it is clear that Plaintiffs' purported "information and belief" about the content of Classmates.com was based on Ben's access to the website and that Plaintiffs knowingly accepted the benefits of that access. And given law and logic, Ben cannot undo his failure to opt out by creating subsequent accounts (including under false names) in violation of the TOS, and Plaintiffs cannot avoid being required to arbitrate their claims.

In light of this information, our position is even stronger than when we spoke. To reiterate: (1) *Izzo* should be consolidated with *Knapke* because both cases involve the same claim being asserted on behalf of overlapping putative classes, and (2) the stay in force in *Knapke* should be applied to *Izzo* because both cases involve similar if not the same issues related to arbitration and the merits. Accordingly, there is no reason for *Izzo* to proceed (if at all) until after the *Knapke* appeal is resolved.

We intend to inform the Court of these facts and Plaintiffs' utter lack of candor during our meet and confer if Plaintiffs continue to insist that this matter should not consolidated with *Knapke* and stayed pending the outcome of that case. Please let us know if you now will agree so that we can avoid the unnecessary time and expense of responding to Judge Pechman's order to show cause.

Best,
Debbie

---

**From:** Raina Borrelli <raina@turkestrauss.com>
**Sent:** Saturday, February 12, 2022 1:06 AM
**To:** Berman, Debbie L. <DBerman@jenner.com>; Benjamin Osborn <ben@benosbornlaw.com>; Sam Strauss <Sam@turkestrauss.com>; Shannon M. McNulty <SMM@cliffordlaw.com>; Michael Ram x20021 <MRam@forthepeople.com>; Marie Appel x20020 <MAppel@forthepeople.com>
**Cc:** Thomson, Wade A. <WThomson@jenner.com>; Berlow, Clifford W. <CBerlow@jenner.com>; Gershengorn, Ian Heath <IGershengorn@jenner.com>; Mike Rosenberger <mrosenberger@gordontilden.com>
**Subject:** RE: Mackey and Izzo/Thomas

External Email – Exercise Caution

Hi Debbie,

Yes, I agree getting on the phone will be helpful and is required by Judge Pechman's order. I am fairly open both Monday and Tuesday. How about 2 pm central on Monday? If that doesn't work, please suggest some alternatives.

Thanks,
Raina

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Friday, February 11, 2022 2:14 PM
**To:** Raina Borrelli <raina@turkestrauss.com>; Benjamin Osborn <ben@benosbornlaw.com>; Sam Strauss <Sam@turkestrauss.com>; Shannon M. McNulty <SMM@cliffordlaw.com>; Michael Ram x20021 <MRam@forthepeople.com>; Marie Appel x20020 <MAppel@forthepeople.com>
**Cc:** Thomson, Wade A. <WThomson@jenner.com>; Berlow, Clifford W. <CBerlow@jenner.com>; Gershengorn, Ian Heath <IGershengorn@jenner.com>; Mike Rosenberger <mrosenberger@gordontilden.com>
**Subject:** RE: Mackey and Izzo/Thomas

Raina:

Thank you for your email. In light of the court's order which came after your email and given that there appears to be a misunderstanding about our arbitration position as to why these new plaintiffs also are required to arbitrate even without your inclusion of the screenshots in the complaint, we believe that need meet and confer as she ordered. Please let us know your availability for Monday or Tuesday.

Best,
Debbie

On February 11, 2022 at 1:32:44 PM CST, Raina Borrelli <raina@turkestrauss.com> wrote:

External Email – Exercise Caution

Hi Debbie,

Thank you for your message. While we have not seen the contents of your motions to stay in *Mackey* and *Izzo* and reserve the right to change our position when we review the motions, we expect to oppose both. We also do not believe consolidation is appropriate between *Mackey* and *Bonilla/Loendorf*, nor between *Izzo* and *Knapke*.

First, staying *Mackey* and *Izzo* would prejudice our clients and the putative class because the arbitration issues present in *Bonilla/Loendorf* and *Knapke* are not at issue in these cases. In both *Bonilla/Loendorf* and *Knapke*, your client has taken the position that because the complaint included screenshots gathered by plaintiffs' attorneys from the Classmates.com website, the plaintiffs accepted the "benefit" of the screenshots and are therefore bound to an arbitration agreement. As you know, we dispute this argument. However, in *Mackey* and *Izzo*, neither complaint includes screenshots gathered from the Classmates.com website. Accordingly, *Mackey* and *Izzo* are different from *Bonilla/Loendorf* and *Knapke* on the very issue that has most defined the procedural posture in *Knapke*. Delaying the prosecution of Plaintiffs' claims in *Mackey* and *Izzo* pending the outcome of the Ninth Circuit appeal in *Knapke* and any subsequent litigation on the arbitration issue in *Bonilla/Loendorf* would prevent the *Mackey* and *Izzo* plaintiffs from prosecuting their claims based on an issue that is entirely irrelevant to them. As a result, we will not be agreeing to a stay.

Second, we do not believe that consolidation of *Mackey* with *Bonilla/Loendorf* or *Izzo* with *Knapke* is appropriate for the same reasons articulated above. However, we understand and agree that there are certain legal issues (separate from arbitration) that will likely arise in all cases. Therefore, we would be open to stipulating to certain portions of the order on the motion to dismiss in *Knapke* to avoid wasting Court resources rehearing those issues (e.g. applicability of statutory exceptions, copyright preemption, CDA immunity, etc.). We would also be open to a similar stipulation once the court in *Bonilla/Loendorf* has issued an order on the motion to dismiss in that case. Please let us know if you would like to discuss.

Lastly, although we will likely oppose consolidation, we are certainly agreeable to coordinating discovery in *Mackey-Bonilla/Loendorf* and *Izzo-Knapke* to preserve the parties' resources and make that process as efficient as possible.

Thank you,
Raina

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Tuesday, February 8, 2022 12:49 PM
**To:** Benjamin Osborn <ben@benosbornlaw.com>; Sam Strauss <Sam@turkestrauss.com>; Shannon M. McNulty <SMM@cliffordlaw.com>; Michael Ram x20021 <MRam@forthepeople.com>; Marie Appel x20020 <MAppel@forthepeople.com>; Raina Borrelli <raina@turkestrauss.com>
**Cc:** Thomson, Wade A. <WThomson@jenner.com>; Berlow, Clifford W. <CBerlow@jenner.com>; Gershengorn, Ian Heath <IGershengorn@jenner.com>
**Subject:** Mackey and Izzo/Thomas

All:

As you know from today's hearing, we plan to file a motion to stay Mackey as there already is a pending a putative class action in the ND IL (Bonilla/Loendorf) where you represent the plaintiffs and in which you allege an Illinois class under IRPA related to Classmates.com's search results. Moreover, Mackey would be a member of the Bonilla/Loendorf putative class as defined in the complaints. We know that Raina said during the hearing that you would oppose that motion, but we thought you might agree on further reflection as the case law is clear that it is wasteful and inefficient for these two cases which allege the same putative class under the same law to be litigated at the same time. It would be much more efficient for the Court to rule on the fully briefed motion to dismiss in the first case (Bonilla/Loendorf), and then for the parties to see how that impacts Mackey, including whether Mackey as a standalone adds anything.

We also plan to file a similar motion to stay in Izzo/Thomas, as the complaint makes very similar allegations to another case already pending in front of Judge Pechman, Knapke, which alleges an Ohio putative class under the Ohio Right of Publicity Act related to Classmates.com's search results.  Again, Izzo and Thomas would be members of the Knapke putative class as defined in the complaints.  And again having two cases run concurrently is a waste of the court's and the parties' resources.  So please let us know your position on that motion as well.

Finally, please let us know your position on consolidation of these sets of cases in their respective forums.

We would appreciate your response this week.

Best,
Debbie

**Debbie L. Berman**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 923 2764 | TEL
+1 312 317 9377 | MOBILE
+1 312 840 7764 | FAX
DBerman@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.