UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT MACKEY, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PEOPLECONNECT, INC., a Delaware Corporation, <br><br> Defendant. | Case No. 1:22-cv-00342 <br><br> Hon. Virginia M. Kendall |

**PLAINTIFF'S OPPOSITION TO DEFENDANT PEOPLECONNECT'S MOTION TO
<u>CONSOLIDATE AND STAY PROCEEDINGS</u>**

Plaintiff Mackey opposes consolidation with *Bonilla, et al. v. PeopleConnect, Inc.*, No. 1:21-cv-00051 ("*Bonilla*") at this time because of two issues unique to this case: first, whether Plaintiff Mackey's claims are subject to binding arbitration; and second, whether by failing to answer or otherwise respond to Plaintiff Mackey's Complaint within the time set by this Court, PeopleConnect has waived certain defenses and responses.[1] Because Plaintiff Mackey has never used Classmates.com and his counsel sent a pre-suit letter to PeopleConnect expressly disavowing any arbitration agreement, the arbitration issue in this case is meaningfully different from that in *Bonilla*. The second issue is not present in *Bonilla* because PeopleConnect timely responded to the *Bonilla* Complaint. Plaintiff respectfully requests that this Court decline to consolidate this case with *Bonilla* until these two unique issues have been resolved. Otherwise, if PeopleConnect loses the arbitration motion in *Bonilla* and appeals the denial (as it has done, unsuccessfully, in a related

---

[1] The Executed Waiver of Service of Summons, ECF No. 5, calculated the deadline by which Defendant "must file and serve an answer or a motion under Rule 12 within 60 days from 01/21/2022." Sixty days from January 21, 2022, was March 22, 2022. Defendant PeopleConnect did not file an answer or a Rule 12 motion on March 22, 2022.

1

case), *Mackey* would also be stayed pending the arbitration appeal even though there is no hint of an arbitration issue here.

For similar reasons, this Court should decline to stay this case. Because the arbitration and waiver issues are unique to *Mackey*, there is nothing to be gained by waiting for a ruling on PeopleConnect's pending motions to compel arbitration and to dismiss in *Bonilla*. Judicial efficiency would be harmed, not served, by delaying a ruling on issues unique to *Mackey*. Furthermore, PeopleConnect has failed to identify any judicially recognized harm it would suffer were this case to proceed.

Plaintiff has no objection to coordinating proceedings on issues that are shared between this case and *Bonilla*, so long as the arbitration and waiver issues are decided separately. Indeed, Plaintiff suggested to PeopleConnect several options for coordination, offering to "stipulate[e] to certain portions of the order on the motion to dismiss in *Bonilla*" and to "coordinat[e] discovery in *Mackey* and *Bonilla*." Dkt. 14-3, at *3 (Feb. 23 email from Ms. Borrelli). PeopleConnect refused to discuss these options. Dkt. 14-3, at *3 (Feb. 23 email from Ms. Berman failing to respond to Plaintiff's offer). Instead, PeopleConnect unilaterally ceased conferring with Plaintiff's counsel and filed the present motion. The instant motion should be denied.

## ARGUMENT

**I. This Court Should Defer Consolidation Until it has Ruled Separately on the Two Issues Unique to Plaintiff Mackey's Case.**

Plaintiff Mackey opposes consolidation with *Bonilla* at this time because there are two material issues that are different between the cases: arbitration, and waiver for failure to timely respond to the complaint. Both issues are likely to have a material impact on this case, and their resolution may result in a procedural posture meaningfully different from that of *Bonilla*.

Accordingly, this Court should defer consolidation until these issues unique to Plaintiff Mackey's claims have been resolved.[2]

The arbitration issue is meaningfully different from that in *Bonilla*. Unlike in *Bonilla*: (1) Plaintiff Mackey has never used Classmates.com, Dkt. No. 1 ¶34; (2) prior to filing suit, Plaintiff's counsel sent a letter to PeopleConnect's counsel disavowing any arbitration agreement and expressly retaining Plaintiff Mackey's right to pursue relief in court, *id.* ¶42-43; (3) Plaintiff's counsel prepared the Complaint in this matter without including any screenshots gathered from the Classmates.com website, *id.* ¶45; (4) Plaintiff's counsel opted out of the arbitration clause in the Classmates.com Terms of Service before visiting the website to verify that Plaintiff Mackey's name and photograph is on Classmates.com, *see* Dkt. 14-3 (Feb. 25 email from Ms. Borelli stating that "we performed our investigation of Mr. Mackey's claims using an account for which counsel executed the exact procedures your client told the Ninth Circuit would retain the right to a judicial forum"); and (5) because it failed to file a response or answer to the Complaint, PeopleConnect failed to timely raise arbitration as an affirmative defense. *See* Fed. R. Civ. P. 8(c) (defendant must plead arbitration as an affirmative defense in response to the complaint); *Corbett v. DRH Cambridge Homes Inc.*, No. 04-cv-3344, 2005 WL 1838456, at *3 (N.D. Ill. July 26, 2005) (arbitration argument waived when the defendants "failed to raise the parties' arbitration agreement as an affirmative defense in their answer"). These facts mean that PeopleConnect cannot advance a non-frivolous argument that Plaintiff Mackey is bound to arbitrate his claims.

Regardless of how this Court decides PeopleConnect's pending motion to compel arbitration in *Bonilla*, consolidation does not make sense. If this Court grants PeopleConnect's

---

[2] Alternatively, this Court could exercise is power under Fed. R. Civ. P. 42(a)(1) to order joint hearings on any issues that are shared between *Bonilla* and this case, while preserving separate briefing and hearings on the issues of arbitration and waiver.

motion in *Bonilla*, it would not make sense to consolidate Plaintiff Mackey's claims with *Bonilla* because *Bonilla* would proceed in a different forum.

If this Court denies PeopleConnect's motion in *Bonilla*, like other courts have, PeopleConnect will likely appeal the denial, as it has in several related cases.[3] The *Bonilla* litigation would be automatically stayed pending resolution of an appeal. *See Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997). Resolution of any appeal in *Bonilla* would cause serious delay to *Mackey*. *See Callahan*, 21-16161, Dkt. No. 41-1 (9th Cir. Mar. 18, 2022) (three-judge panel unanimously affirmed denial of PeopleConnect's motion to compel arbitration more than nine months after PeopleConnect filed its notice of appeal on June 16, 2021). There is no reason Plaintiff Mackey's claims, and the claims of millions of absent Class members, should await resolution of an appeal that has no bearing on Plaintiff Mackey's case. Consolidation while *Bonilla* is stayed would prejudice Plaintiff Mackey and the absent Class. Plaintiff Mackey seeks injunctive relief on behalf of millions of Illinoisans whose names and photographs PeopleConnect continues to exploit. Each day PeopleConnect is permitted to continue exploiting their names and photographs in advertisements harms the Class.

The second issue unique to *Mackey* is whether, by failing to timely respond to the Complaint, PeopleConnect has waived certain arguments and defenses. Pursuant to the Executed Waiver of Service sent on January 21, 2022, PeopleConnect's answer to Plaintiff Mackey's complaint was due on March 22, 2022. Dkt. No. 5. PeopleConnect failed to answer or otherwise respond to Plaintiff Mackey's complaint on or before March 22, 2022. While PeopleConnect requested in its motion that this Court "hold PeopleConnect's time to respond to the Complaint in

---

[3] *See Callahan v. PeopleConnect*, No. 3:20-cv-09203-EMC, ECF No. 49 (Motion to Stay Proceedings Pending Appeal) (N.D. Cal. filed Jul. 1, 2021); *Knapke v. PeopleConnect*, No. 2:21-cv-00262-MJP, ECF No. 28 (Motion to Stay) (W.D. Wash filed Aug. 20, 2021).

4

abeyance," Dkt. No. 14 at *10, this Court has not issued any order adjusting PeopleConnect's time to respond to the Complaint. That PeopleConnect filed a motion to consolidate or stay these proceedings does not excuse its failure to timely answer the Complaint on March 22, as ordered by this Court. "A motion to stay proceedings . . . is not the equivalent of an answer." *Merit Ins. Co. v. Leatherby Ins. Co*., 581 F.2d 137, 142 (7th Cir. 1978).

Because PeopleConnect failed to timely answer or respond to Plaintiff Mackey's complaint, this Court must address whether PeopleConnect has waived certain responses and affirmative defenses in this case. *See, e.g.*, *Fort-Greer v. Daley*, 228 F. App'x 602, 604 (7th Cir. 2007) ("Failure to plead an affirmative defense may result in waiver of that defense"); *S.E.C. v. Spadaccini*, 256 F. App'x 794, 795 (7th Cir. 2007) (defendant who fails to timely answer a complaint may face default judgment). This issue is not present in *Bonilla*.

Whether and when to consolidate cases under Fed. R. Civ. P. 42(a) is left "to a district judge's discretion." *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Insurance*, 671 F.3d 635, 640 (7th Cir. 2011). Where, as here, consolidation would "substantially delay" one proceeding, courts routinely decline to consolidate. *See, e.g.*, *Goldhamer v. Nagode*, No. 07-cv-5286, 2007 WL 4548228, at *3 (N.D. Ill. Dec. 20, 2007).

Plaintiff Mackey has no objection to consolidation once the arbitration and waiver issues have been resolved (including any appeals). PeopleConnect proposes that this Court "wait to consider how to effectuate consolidation in this case until after it decides the *Bonilla* motion to dismiss." Dkt. No. 14, at *5 n.4. Plaintiff counters that this Court should wait to consolidate until it has resolved: (1) motions to compel arbitration in both *Bonilla* and this case (were Defendant to bring such a motion); and (2) whether PeopleConnect has waived certain responses and defenses

5

in *Mackey*. Because theses issues are meaningfully different in the two cases, they should be decided separately.

### II. There is no Basis to Stay *Mackey* Pending Resolution of *Bonilla*.

PeopleConnect requests that this Court stay *Mackey* "pending resolution of *Bonilla*." Dkt. No. 14, at *5. PeopleConnect fails to specify any timeline around the requested stay, apparently requesting that this Court stay the entire *Mackey* case until final judgment is entered in *Bonilla* and any appeals have been completed. *Id.* Because PeopleConnect cannot carry its burden of showing that a discretionary stay is necessary, the request should be denied.

PeopleConnect's motion relies entirely on cases in which two class actions were pending before <u>different courts</u>. *See, e.g.*, *Nicholson v. Nationstar Mortg. LLC of Delaware*, No. 17-CV-1373, 2018 WL 3344408, at *3 (N.D. Ill. July 6, 2018) ("when two related cases are pending *in* **separate federal courts**, either of those courts may exercise its inherent power to stay the proceedings") (emphasis added); *Askin v. Quaker Oats Co.*, No. 11-cv-111, 2012 WL 517491, at *7 (N.D. Ill. Feb. 15, 2012) (granting stay in Illinois case pending resolution of similar consolidated class actions in California federal court). These cases have no application where, as here, two related cases are pending before the same judge in the same Court. PeopleConnect fails to cite a single case in which a court stayed one plaintiff's claim pending resolution of another plaintiff's claim pending before the same court. When two claims are pending before the same court, concerns about "duplicative litigation" do not apply, because a single judge may determine how best to coordinate proceedings. *Cf. Nicholson,* 2018 WL 3344408, at *3-4.

The party requesting a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citation omitted). When deciding whether to grant a discretionary stay, courts consider "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and

6

(iii) whether a stay will reduce the burden of litigation on the parties and on the court" *Nicholson*, 2018 WL 3344408, at *4 (citation omitted). These factors weigh against a stay here.

A stay would prejudice and disadvantage Plaintiff Mackey and do nothing to "simplify" the two issues that are unique to his claims. As shown above, PeopleConnect cannot advance a non-frivolous argument that Mr. Mackey's claims are subject to arbitration. Plaintiff should not be required to delay pursuing his claims while the motion to compel arbitration in *Bonilla* is resolved and, presumably, if denied, appealed. Furthermore, Plaintiff should not be required to wait while defenses PeopleConnect may have waived in *Mackey* are resolved in *Bonilla*. As shown above, delay will cause irremediable injury to the absent class because PeopleConnect causes continuing injury each day it exploits their names and likenesses without consent.

"[I]f there is even a fair possibility that the stay . . . will work damage to some one else, the party seeking the stay must make out a clear case of hardship or inequity in being required to go forward." *Nicholson*, 2018 WL 3344408, at *4 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (internal quotations omitted). Here, PeopleConnect cannot show that denying a stay would have <u>any</u> adverse impact – much less a "clear case of hardship or inequity" – because Plaintiff has already offered to coordinate discovery between the two cases and to stipulate to joint hearings on overlapping issues. Dkt. 14-3, at *3. Any savings of effort that would be achieved by staying *Mackey* can be accomplished without prejudice to Plaintiff Mackey and the absent Class by coordinating discovery, jointly hearing shared issues, and consolidating the cases after the unique issues in Mackey have been resolved.

**III. Because there are Significant Differences Between the Claims, the First-to-File Rule Does Not Apply.**

The Seventh Circuit does not require a second-filed lawsuit to be stayed or dismissed. *Guill v. All. Res. Partners, L.P.*, No. 16-CV-0424-NJR-DGW, 2017 WL 1132613, at *2 (S.D. Ill.

Mar. 27, 2017) ("[T]the first-to-file rule is viewed in this circuit 'as a question of comity over which the district court enjoys a great deal of discretion.'"). "The first-to-file rule provides that a district court may, for purposes of judicial administration, dismiss or stay a suit when it is *duplicative* of a parallel action that is already pending in another federal court. [] Cases are considered duplicative where there are *no significant differences* between the claims, parties, and available relief." *Id.* (emphasis added; cleaned up). Courts in this circuit disapprove of dismissing or staying a duplicative action where, as here, both cases are pending before the same judge. *Id.*, at *3. "Instead, the Seventh Circuit has indicated that, in a putative class action setting, where the plaintiffs are not necessarily identical but are part of the same class pursuing an identical claim in the same court, 'no mechanical rule governs the handling of overlapping cases.'" *Id.* (quoting *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999)).

As shown above, there are "significant differences" between this case and *Bonilla*. Because the cases are not duplicative and because they are both pending before the same judge, the first-to-file rule does not apply here and nevertheless, does not require that Plaintiff Mackey's case be stayed or dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant PeopleConnect's Motion to Consolidate and Stay should be denied.

Dated: March 23, 2022

*/s/ Benjamin R. Osborn*
Benjamin R. Osborn
102 Bergen St. Brooklyn, NY 11201
Telephone: 347 645-0464
ben@benosbornlaw.com

TURKE STRAUSS, LLP
Samuel J. Strauss
Raina C. Borrelli
613 Williamson Street, Suite 100
Madison, WI 53703
Telephone: (608) 237-1775
sam@turkestrauss.com
raina@turkestrauss.com

MORGAN & MORGAN
COMPLEX LITIGATION GROUP
Michael F. Ram
Marie N. Appel
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
mram@forthepeople.com
mappel@forthepeople.com

*/s/Shannon M. McNulty*
CLIFFORD LAW OFFICES, P.C.
Shannon M. McNulty
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899.9090
SMM@cliffordlaw.com

**CERTIFICATE OF SERVICE**

      I, Shannon M. McNulty, an attorney, hereby certify that on March 23, 2022, I served the above and foregoing, <u>Plaintiff's Opposition To Defendant Peopleconnect's Motion To Consolidate And Stay Proceedings</u>, by causing a true and accurate copy of such papers to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

                                     */s/ Shannon M. McNulty*

                                       Shannon M. McNulty
                                       smm@cliffordlaw.com
                                       CLIFFORD LAW OFFICES, P.C.
                                       120 N. LaSalle Street, Suite 3600
                                       Chicago, IL 60602
                                       312.899.9090