# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCOTT MACKEY, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) PEOPLECONNECT, INC., a Delaware Corporation, ) ) ) Defendant. ) | Case No. 1:22-cv-00342<br><br>Hon. Judge Virginia M. Kendall<br><br>Magistrate Judge Gabriel A. Fuentes |

### DEFENDANT'S REPLY IN SUPPORT OF ITS
### MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION .............................................................................................................................. 1

ARGUMENT ..................................................................................................................................... 2

I.     This Court Should Consolidate *Loendorf* And *Mackey*. ........................................................ 2

II.    Regardless Of Whether The Court Consolidates These Cases, It Should Stay *Mackey* Pending Resolution Of *Loendorf*. ........................................................................................... 6

      A.   A Stay Is Warranted Because *Mackey* And *Loendorf* Involve Overlapping Claims, Issues, And Putative Classes. .............................................................................. 6

      B.   A Stay Is Also Supported Under The First-To-File Rule. ................................................ 7

CONCLUSION.................................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Azimihashemi v. First Transit Servs., Inc.*,
  No. 21-cv-00780, 2021 WL 4706997 (C.D. Cal. Aug. 13, 2021) ............................................7

*Blair v. Equifax Check Servs., Inc.*,
  181 F.3d 832 (7th Cir. 1999) ...............................................................................................2, 6

*Blanchard Training & Dev, Inc. v. Leadership Studies, Inc.*,
  No. 15cv2142, 2016 WL 773227 (S.D. Cal. Feb. 29, 2016) .......................................................7

*Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*,
  128 F.3d 504 (7th Cir. 1997) ....................................................................................................6

*Corbett v. DRH Cambridge Homes, Inc.*,
  No. 04 C 3344, 2005 WL 1838456 (N.D. Ill. July 26, 2005) ....................................................5

*Fort-Greer v. Daley*,
  228 F. App'x 602 (7th Cir. 2007) .............................................................................................4

*Gatlin v. United Parcel Serv., Inc.*,
  No. 18-cv-03135, 2018 WL 10161198 (C.D. Cal. Aug. 23, 2018) ...........................................7

*Goldhamer v. Nagode*,
  No. 07 C 5286, 2007 WL 4548228 (N.D. Ill. Dec. 20, 2007) ...................................................5

*Guill v. All. Res. Partners, L.P.*,
  No. 16-CV-0424, 2017 WL 1132613 (N.D. Ill. Mar. 27, 2017)................................................7

*Merit Insurance Company v. Leatherby Insurance Company*,
  581 F.2d 137 (7th Cir. 1978) ....................................................................................................5

*Nicholson v. Nationstar Mortg. LLC*,
  No. 17-cv-1373, 2018 WL 3344408 (N.D. Ill. July 6, 2018) ....................................................7

*Rajagopalan v. Noteworld, LLC*,
  No. C11-5574, 2012 WL 2115482 (W.D. Wash. June 11, 2012)..............................................5

*S.E.C. v. Spadaccini*,
  256 F. App'x 794 (7th Cir. 2007) .............................................................................................4

**INTRODUCTION**

As Defendant PeopleConnect, Inc. ("PeopleConnect") demonstrated in its opening brief, courts routinely consolidate and stay duplicative putative class action cases that involve overlapping claims on behalf of overlapping classes. Plaintiff's counsel affirmatively represented to this Court that this is such a case. They argued that *Mackey* and *Bonilla* and *Loendorf* involve the "same property … the same issues of fact and law … the same acts and omissions by PeopleConnect … and the classes are the same." Mot. for Reassignment of Related Cases, ¶10, *Bonilla et al, v. PeopleConnect, Inc.*, No. 21-cv-00051 (N.D. Ill. Jan. 21, 2022), ECF No. 64 ("Reassign. Mot."). Plaintiff's counsel stated that the *only* issue of fact that "differs" between the cases was that "plaintiff Bonilla previously created an account on Classmates.com" and "neither plaintiff Loendorf nor Mr. Mackey have every [sic] used or created an account on Classmates.com." Reassign. Mot. ¶11, ECF No. 64.

Plaintiff does not (and cannot) walk back these prior admissions. Instead, Plaintiff half-heartedly identifies two supposed distinctions that he insists justify the waste of judicial and party resources that would result if *Mackey* proceeds in parallel to the *Loendorf* action. First, he claims the cases involve distinct facts relating to the Plaintiffs' agreements to arbitrate. Second, he argues that PeopleConnect supposedly has waived its defenses in this case. Neither claim is correct nor negates Plaintiff's prior admission that *Mackey* and *Bonilla* and *Loendorf* are the same.

The proper resolution here is simple. Now that the Court has compelled plaintiff Bonilla to arbitrate and authorized limited discovery to determine whether Loendorf also must be compelled

to arbitrate this Court should grant PeopleConnect's motion, consolidate Loendorf's and Plaintiff's cases, and stay this case pending resolution of *Loendorf*.[1]

## ARGUMENT

### I. This Court Should Consolidate *Loendorf* And *Mackey*.

PeopleConnect has cited extensive authority demonstrating that when two cases assert similar claims on behalf of similar putative classes, "consolidat[ion]" is "[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court." Def.'s Mem. of Law in Support of Mot. to Consolidate and Stay Procs. at 4-5, Dkt. No. 14 ("Opening Br.") (quoting *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999) and citing multiple cases). Plaintiff does not dispute this point of law or cite any case where the court declined to consolidate overlapping class actions like those here. Rather, despite previously representing that both cases involve "the same issues of fact and law" and classes that are "the same," Reassign. Mot. ¶10, ECF No. 64, Plaintiff contends this Court should "defer consolidation" until resolving what he contends are "issues that are different between the cases." Pl.'s Opp. to PeopleConnect's Mot. to Consolidate and Stay Procs. at 2–3, Dkt. No. 16 ("Opp."). Plaintiff is wrong.

*First*, Plaintiff incorrectly asserts that the arbitration issue in *Mackey* is "meaningfully different" because Bonilla, not his counsel, used Classmates.com. Opp. 3-4. Now that Bonilla has been compelled to arbitrate his claims (*see* Order, *Bonilla, et al. v. PeopleConnect, Inc.*, No. 21-cv-00051 (N.D. Ill. Mar. 29, 2022), ECF No. 74 ("*Bonilla* Order")), the only remaining question is whether *Mackey* should be consolidated with and stayed pending the *Loendorf* action. The answer is yes. In moving to reassign *Bonilla* and *Loendorf* to this Court, Loendorf's counsel

---

[1] In light of this Court's March 29, 2022 ruling in *Bonilla*, counsel for PeopleConnect asked counsel for Mackey whether they would reconsider agreeing to consolidation and a stay in this matter. They refused.

(coordinating with counsel who represent both Bonilla and Mackey) admitted that: "Plaintiffs' counsel are aware of only one issue of fact that differs between the three cases. As alleged in the CAC, plaintiff Bonilla previously created an account on Classmates.com. As alleged in the CAC and Mr. Mackey's Complaint, neither plaintiff Loendorf nor Mr. Mackey have every [sic] used or created an account on Classmates.com." Reassign. Mot. ¶11, ECF No. 64 (record cite omitted). That same counsel cannot now argue that there are additional factual distinctions between the two remaining cases.

Even if the Court were to permit Plaintiff's counsel to backtrack from its admission that Plaintiff and Loendorf have the same factual arguments with respect to PeopleConnect's position that they must arbitrate their claims, Plaintiff's arguments are without merit. Importantly, Plaintiff does not even attempt to distinguish *Izzo, et al. v. PeopleConnect, Inc.,* No. 2:22-cv-00016-MJP (W.D. Wash.) ("*Izzo*"), where the court ordered consolidation and a stay in an identical scenario. *See* Opening Br. 5. There, the lawyers that represent Plaintiff in this case filed a putative class action in the Western District of Washington purporting to represent the same class as a class action already pending there. Just like here, counsel resisted consolidation because of similar supposed "differences" between the first- and second-filed putative class actions—including that counsel sent a pre-suit letter purporting to disavow arbitration, allegedly searched for that plaintiff's name using a so-called "opted out" account that their lawyer illicitly created using a fictitious name in violation of PeopleConnect's Terms of Service ("TOS"),[2] and did not include screenshots from Classmates.com in the complaint. *Compare* Class Action Compl., *Izzo*, No. 22-

---

[2] *See* Declaration of Debbie L. Berman in Support of Def's Mot. to Stay ¶4, Dkt. No. 14-1 (Mar. 3, 2022) (noting Plaintiff's counsel used a fictitious account under the name "Ben Whipple" to search Classmates.com for plaintiff Izzo); Declaration of Tara McGuane in Support of Def's Mot. to Dismiss at 7-8, *Boshears v. PeopleConnect, Inc.*, No. 2:21-cv-01222-MJP (W.D. Wash. Dec. 20, 2021), ECF No. 26 (describing Plaintiff's counsel's creation of multiple accounts under fictitious names).

3

cv-00016 (W.D. Wash. Jan. 6, 2022), ECF No. 1, *with* Opp. 1, 3. The court nonetheless *sua sponte* ordered the *Izzo* plaintiffs to show cause why the second-filed case "should not be consolidated with" the first-filed case. Order to Show Cause, *Izzo*, No. 22-cv-00016 (W.D. Wash. Feb. 11, 2022), ECF No. 10. Plaintiff's counsel ultimately *agreed* to consolidation and a stay. Stipulated Mot. to Consolidate & Stay, *Izzo*, No. 22-cv-00016 (Feb. 23, 2022), ECF No. 13.[3]

*Second*, Plaintiff makes the baseless and unsupported argument that consolidation is not warranted because PeopleConnect has lost its right to respond to Plaintiff's claims, including its right to seek to compel Plaintiff to arbitrate. Opp. 4–5. But PeopleConnect expressly requested that its time to respond to the Complaint be held in abeyance and preserved its "right to move to compel arbitration or to move to dismiss Plaintiff's claims." *See* Opening Br. 1 n.1, 10. There is absolutely no basis to find waiver here because PeopleConnect has not taken any steps inconsistent with its right to compel arbitration. It simply has asked the Court to consolidate and stay this matter to serve judicial economy while the same arbitration issue is being decided in *Loendorf*, and to relieve the burden PeopleConnect would bear litigating a case that belongs in arbitration.

Indeed, Plaintiff cites cases that support PeopleConnect, not Plaintiff. *See* Opp. 3–5. In *Fort-Greer v. Daley*, in the sentence following the one Plaintiff quotes, the court affirmed that the defendants there did not waive a defense that was not included in their answer because the district court "allow[ed] the defense to be asserted later." 228 F. App'x 602, 604 (7th Cir. 2007). In *S.E.C. v. Spadaccini*, the court noted that default is not warranted if a defendant shows "a good reason for the failure to file on time, prompt action to correct the problem, and a plausible defense on the merits"—as PeopleConnect can do. 256 F. App'x 794, 795 (7th Cir. 2007) (affirming default

---

[3] If this Court prefers, the parties can conduct limited discovery about whether Mackey agreed to arbitrate, through his counsel's agreement to the TOS on his behalf, at the same time as the parties conduct limited discovery in *Loendorf*. *See* Bonilla Order, ECF No. 74.

against parties who did not answer for six months and "did not show up in court … in the interim"). In *Corbett v. DRH Cambridge Homes, Inc.*, the court stressed it "should not infer waiver lightly" and that "the party seeking to prove waiver bears a 'heavy burden,'" and the defendant "actively pursued litigation" for seven months before seeking to arbitrate. No. 04 C 3344, 2005 WL 1838456, at *2–3 (N.D. Ill. July 26, 2005) (citation omitted). And in *Goldhamer v. Nagode,* the court declined to consolidate two actions after the court "already set discovery dates" and where "factual and legal distinctions between the two actions" meant they "would not be susceptible to disposition in a single proceeding." No. 07 C 5286, 2007 WL 4548228, at *3 (N.D. Ill. Dec. 20, 2007). None of these cases is remotely like this one, where *Mackey* and *Loendorf* assert similar claims on behalf of overlapping putative classes and where PeopleConnect moved to stay at the outset and invoked its right to arbitrate at every turn.[4]

Finally, Plaintiff's tepid attempt to claim prejudice goes nowhere. *See* Opp. 4. Consolidation will not harm Plaintiff, who does not dispute that his name and image have been suppressed from Classmates.com, that he is part of the putative class Loendorf seeks to represent, or that the *Loendorf* action adequately protects whatever relevant rights he purports to have. Nor will consolidation harm the putative class members, insofar as they are even relevant, because they too are covered by the putative *Loendorf* class. *Cf. Rajagopalan v. Noteworld, LLC,* No. C11-5574, 2012 WL 2115482, at *4–5 (W.D. Wash. June 11, 2012) (granting stay without regard to alleged harm to potential class members of uncertified putative class). And any temporary delay while *Loendorf* plays itself out is not undue prejudice—it is what this Circuit favors. *See* Opening Br. 7;

---

[4] *Merit Insurance Company v. Leatherby Insurance Company,* 581 F.2d 137, 139 (7th Cir. 1978), states that a motion to stay "is not the equivalent of an answer" in the context of voluntary dismissal under Rule 41, but that is not the situation here.

*see also Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (requiring stay of district court proceedings pending appeal from the denial of a motion to compel arbitration); *Blair*, 181 F.3d at 839 (describing consolidation as "[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court").

**II.     Regardless Of Whether The Court Consolidates These Cases, It Should Stay *Mackey* Pending Resolution Of *Loendorf*.**

    **A.     A Stay Is Warranted Because *Mackey* And *Loendorf* Involve Overlapping Claims, Issues, And Putative Classes.**

PeopleConnect previously detailed why, even if *Mackey* and *Loendorf* are not consolidated, *Mackey* still should be stayed to reduce the burdens of litigation and simplify the issues without unduly prejudicing Plaintiff. *See* Opening Br. 5–8. In doing so, PeopleConnect cited multiple examples of courts staying later-filed putative class actions in favor of an earlier-filed case asserting similar claims on behalf of a similar class. *See id.* (citing numerous cases). Plaintiff has no real answer to this law or for its underlying logic. Nor does Plaintiff meaningfully try to distinguish the cases PeopleConnect cites or offer contrary authority. Instead, Plaintiff merely repackages the same weak grounds for opposing consolidation, claiming without elaboration that a stay will not "simplify" the issues and will cause "delay" and "injury." *See* Opp. 6–8. Those reasons are just as unavailing in the context of a stay, even if both *Mackey* and *Loendorf* are pending before the same Court. *See* Opp. 6.

The bottom line, which Plaintiff himself argued to get this case reassigned to this Court, is that both *Mackey* and *Loendorf* involve substantially the same claims, issues, and putative classes. Plaintiff cannot now claim otherwise. Moreover, litigating duplicative issues or undertaking discovery in *Mackey*, at least until the pending motion to dismiss is resolved in *Loendorf*, would irretrievably waste judicial and party resources. *Accord* Minute Entry, *Bonilla*, No. 21-cv-00051 (N.D. Ill. Apr. 6, 2021), ECF No. 31 (granting PeopleConnect's motion to stay discovery pending

resolution of the *Loendorf* motion to dismiss without waiting for Plaintiff's response). To avoid such needless inefficiency this Court should stay *Mackey* until *Loendorf* is resolved.

### B. A Stay Is Also Supported Under The First-To-File Rule.

Without seriously contesting that the first-to-file rule supports a stay, Plaintiff notes that circuit precedent "does not require a second-filed lawsuit to be stayed or dismissed." Opp. 7–8 (quoting *Guill v. All. Res. Partners, L.P.*, No. 16-CV-0424, 2017 WL 1132613, at *2 (N.D. Ill. Mar. 27, 2017)). But Plaintiff ignores that the only case he cites *applied* the first-to-file rule and *stayed* a later-filed case involving an overlapping class asserting the same claims as another putative class action pending before the same judge. *Guill*, 2017 WL 1132613, at *2–3; *see also Nicholson v. Nationstar Mortg. LLC*, No. 17-cv-1373, 2018 WL 3344408, at *5–6, *9–10 (N.D. Ill. July 6, 2018).[5] That is precisely the situation here. There is no dispute that *Loendorf* was filed before *Mackey*, Plaintiff's counsel has represented that *Loendorf* and *Mackey* are substantially similar, and as discussed above there are no meaningful differences between the two cases. As a result, *Mackey* should be stayed under the first-to-file rule.

### CONCLUSION

For the foregoing reasons, this Court should hold Plaintiff to his admission that this case and *Loendorf* represent the same class bringing the same claims and reject the alleged differences that he now argues to avoid consolidation and a stay. The Court should: (1) consolidate this action with *Bonilla*, *et al. v. PeopleConnect, Inc.*, No. 21-cv-00051 (N.D. Ill.); (2) stay further

---

[5] *See also, e.g.*, *Gatlin v. United Parcel Serv., Inc.*, No. 18-cv-03135, 2018 WL 10161198, at *4, *7 (C.D. Cal. Aug. 23, 2018) (applying first-to-file rule and staying putative class claims in second case pending in same court); *Blanchard Training & Dev, Inc. v. Leadership Studies, Inc.*, No. 15cv2142, 2016 WL 773227, at *4–5 (S.D. Cal. Feb. 29, 2016) (dismissing second action pending before same judge pursuant to the first-to-file rule); *Azimihashemi v. First Transit Servs., Inc.*, No. 21-cv-00780, 2021 WL 4706997, at *3 (C.D. Cal. Aug. 13, 2021) (applying first-to-file rule and finding that "[l]itigating parallel issues on behalf of parallel plaintiffs in two cases before the same court is neither efficient nor fair.").

7

proceedings in this action pending resolution of *Loendorf*; (3) hold PeopleConnect's time to respond to the Complaint in abeyance; and (4) vacate the status hearing set for April 6, 2022 (Dkt. No. 10).

Dated: March 30, 2022

Respectfully Submitted,

PEOPLECONNECT, INC.

By: */s/ Wade A. Thomson*

Wade A. Thomson, #6282174
Debbie L. Berman, #6205154
Clifford W. Berlow, #6292383
Sarah L. Futernick, #6315365
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
wthomson@jenner.com
dberman@jenner.com
cberlow@jenner.com
sfuternick@jenner.com

*Attorneys for Defendant PeopleConnect, Inc.*

## **CERTIFICATE OF SERVICE**

I, Wade A. Thomson, certify that on March 30, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Wade A. Thomson*
Wade A. Thomson