— **EXHIBIT 1** —

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT MACKEY, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) PEOPLECONNECT, INC., a Delaware Corporation, ) ) ) ) Defendant. ) | Case No. 1:22-cv-00342 <br><br> Hon. Judge Virginia M. Kendall <br><br> Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO
DEFENDANT'S MOTION TO CONSOLIDATE AND STAY PROCEEDINGS**

On March 29, this Court ruled on PeopleConnect's motions to dismiss and to compel arbitration in *Loendorf v. PeopleConnect, Inc.*, 1:21-cv-00610, Dkt. No. 74. The Court denied PeopleConnect's motion to compel arbitration with respect to Plaintiff Theresa Loendorf without prejudice. The Court directed the parties to engage in limited discovery on the topic of "Loendorf's knowledge, direction, and/or authorization of counsel's investigation on the Classmates.com website, including agreement to the Classmates.com TOS, as well as discovery topics closely related thereto." *Id.*, at *4. On March 30, PeopleConnect filed a Reply in Support of its Motion to Consolidate and Stay Proceedings in this matter. Dkt. No. 17. In that Reply, PeopleConnect argued that this Court's March 29 ruling in *Loendorf* supports PeopleConnect's motion to consolidate and stay. *See, e.g.*, Dkt. No. 17 at *1-2.

On the contrary, this Court's ruling in *Loendorf* supports Plaintiff's position that the motion to consolidate or stay should be denied, because the Court ruled that *Loendorf* cannot proceed until the parties have resolved an issue that has no relevance to *Mackey*: arbitration of Plaintiff Loendorf's claims. Plaintiff Mackey's "knowledge, direction, and/or authorization of counsel's investigation" is not at issue in *Mackey*, nor is counsel's "agreement to the Classmates.com TOS." As Plaintiff Mackey plead in his Complaint: (1) prior to filing suit, his counsel sent a letter to

PeopleConnect's counsel disavowing any arbitration agreement and expressly retaining his right to pursue relief in court, id. ¶42-43; and (2) his counsel prepared the Complaint in this matter without including any screenshots gathered from the Classmates.com website, *id*. ¶45. Furthermore, (3) Plaintiff's counsel opted out of the arbitration clause in the Classmates.com Terms of Service before visiting the website to verify that Plaintiff Mackey's name and photograph is on Classmates.com. *See* Dkt. 14-3. PeopleConnect does not contest any of these facts in its Reply or in any other pleading. *See, e.g.*, Dkt. No. 17. Indeed, PeopleConnect failed to file any response whatsoever to Plaintiff Mackey's Complaint.

The expected discovery in *Loendorf* is irrelevant to Mr. Mackey's claim, as is any attempt PeopleConnect may make to revive its motion to compel arbitration in *Loendorf* after limited discovery is complete. Plaintiff Mackey and members of the proposed Class – none of whom ever used Classmates.com or agreed to a Terms of Service – should not be made to wait while the Court resolves an arbitration issue that has no application to their claims.

In its Reply, PeopleConnect admits that it failed to timely answer or otherwise respond to the Complaint in *Mackey*. *See* Dkt. No. 17, at *4 (arguing that its failure to respond should have no consequences because "PeopleConnect expressly requested that its time to respond to the Complaint be held in abeyance"). The consequences of this failure extend beyond potential waiver. PeopleConnect's failure to respond also means PeopleConnect has failed to articulate <u>any theory whatsoever</u> on which Plaintiff Mackey's claims might be subject to arbitration. This underscores the fact that *Mackey* and *Loendorf* are fundamentally different on the issue of arbitration. In *Loendorf*, the Court directed the parties to conducted limited discovery on the issue of arbitration. In *Mackey*, there simply is no arbitration issue.

For these reasons, in addition to the reasons given in Plaintiff's Opposition, Dkt. No. 16, Defendant's motion to consolidate and stay should be denied.

Dated: April 5, 2022                                   Respectfully Submitted,

/s/ *Raina C. Borrelli*
Raina C. Borrelli
Samuel J. Strauss
TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
raina@turkestrauss.com
sam@turkestrauss.com

Benjamin R. Osborn
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen Street
Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

Michael F. Ram
Marie N. Appel
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
mram@forthepeople.com
mappel@forthepeople.com

Shannon M. McNulty
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
Telephone: (312) 899-9090
SMM@cliffordlaw.com