THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT MACKEY, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>      Defendant. | Case No: 1:22-cv-00342<br><br>Hon. Virginia M. Kendall |

## MOTION FOR DEFAULT JUDGMENT

Defendant PeopleConnect failed to timely respond to Plaintiff's Complaint. PeopleConnect's deadline to answer or otherwise respond was March 22, 2022. **Dkt. No. 5**. Although Plaintiff repeatedly put PeopleConnect on notice of its failure to answer,[1] PeopleConnect has still not filed an answer or otherwise responded more than three weeks later.

Therefore, Plaintiff respectfully moves this Court to: (1) enter default judgment in favor of Plaintiff Scott Mackey under Fed. R. Civ. P. 55; and (2) enter an order allowing Plaintiff to proceed immediately with class certification discovery. The Court should defer entry of final judgment under Fed. R. Civ. P. 54(b) until the claims of absent Class members have been resolved.

In support of this motion, Plaintiff respectfully provides the following memorandum:

---

[1] Plaintiff informed PeopleConnect that its failure to answer could result in default judgment on three separate occasions: (1) in Plaintiff's Opposition to PeopleConnect's Motion to Consolidate and Stay Proceedings, which Plaintiff filed on March 23 (**Dkt. No. 23**); (2) in Plaintiff's Sur-Reply, which Plaintiff filed on April 5 (**Dkt. No. 24-1**); and (3) during the Status Conference held before this Court on April 6. *See* **Dkt. No. 25**.

**MEMORANDUM OF LAW**

### I. Default Judgment Should Be Entered for the Plaintiff.

Under Fed. R. Civ. P. 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Here, it is undisputed that PeopleConnect failed to timely answer or otherwise respond to the Complaint. Accordingly, the Court should enter default judgment in favor of Plaintiff Scott Mackey.

The requirement to timely answer or otherwise respond is firmly established in the Federal Rules of Civil Procedure. The clear consequence of failing to answer or otherwise respond is default. The Seventh Circuit has endorsed the entry of default judgments when a party fails to answer or respond:

> For a long time courts were reluctant to enter default judgments . . . Those times are gone. . . [D]istrict judges have become more aggressive in using their ultimate weapon to promote the efficient conduct of litigation. More power to them. Drawnout litigation frustrates rather than promotes justice. Judges stretched thin by the flux of suits must do more with fewer hours per case. That means more reliance on the timetables. . . [The defendant] ignored these timetables . . . He now pays the price.

*Metropolitan Life Ins. v. Estate of Cammon*, 929 F.2d 1220, 1224 (7th Cir. 1991) (internal citation omitted)*; see also Matter of State Exchange Finance Co.*, 896 F.2d 1104, 1106 (7th Cir. 1990) (affirming entry of default when sophisticated defendant "allowed the deadline for filing his answer to pass"); *In the Matter of Plunkett*, 82 F.3d 738, 742 (7th Cir. 1996) ("[m]issing a filing deadline because of slumber is fatal.").

A court should grant default judgment unless the defendant can show its failure to respond was "due to excusable neglect." *See Oku v. Oyster Gaston5, LLC*, No. 19-cv-7673, 2020 WL 5763644, at *1 (N.D. Ill. Sep. 28, 2020) (Kendall, J.). PeopleConnect cannot meet this standard. The only "excuse" PeopleConnect offers is that it requested an "abeyance" on its time to respond to the Complaint. *See* **Dkt. No. 17**, at *4 (arguing that its failure to respond should have no

consequences because, in a memorandum filed with the Court on March 3, "PeopleConnect expressly requested that its time to respond to the Complaint be held in abeyance").[2] This Court did not grant the requested abeyance. Far from excusing its neglect, that PeopleConnect requested an abeyance demonstrates that PeopleConnect *knew* the deadline was approaching, and nevertheless failed to answer or respond. As the Seventh Circuit observed in *Plunkett*, "inattentiveness to the litigation is not excusable." 82 F.3d at 742.

In *Oku*, this Court denied the defendants' motion to vacate a default judgment. 2020 WL 5763644, at *2. The defendants argued "their failure to answer the suit was due to excusable neglect since they had been engaging in good faith settlement negotiations with Plaintiff and they were mistaken about" whether they needed to file an answer. *Id*., at *1. This Court rejected defendants' argument, holding that "this is not a good cause for default." *Id*. As the Court reasoned, that defendants "were in communication" with the plaintiffs rendered the defendants' "failure to answer the lawsuit even more extreme since they should have known the Plaintiffs were taking this lawsuit seriously." *Id*., at *2.

Here, as in *Oku*, PeopleConnect was actively communicating with Plaintiff's counsel when it failed to answer Plaintiff's lawsuit. It knew Plaintiff "w[as] taking this lawsuit seriously." *See id.* Further, PeopleConnect's request for an abeyance demonstrates it knew the Court's deadline was approaching but nevertheless failed to comply. Following this Court's reasoning in *Oku*,

---

[2] PeopleConnect did not cite any law in support of its request for an abeyance, which appears only in the "Conclusion" section of a memorandum devoted entirely to a request for unrelated relief. *See* **Dkt. No. 14**, at *10 (Defendant's Memorandum of Law in Support of its Motion to Consolidate and Stay Proceedings).

PeopleConnect's failure to timely respond to the Complaint is not "excusable." Plaintiff respectfully requests the same relief this Court granted in *Oku*: entry of default judgment.

In accordance with the relief Plaintiff sought on his own behalf in the Complaint, *see* **Dkt. No. 1 ¶ 87**, Plaintiff respectfully requests the Court grant the following relief in its order of default:

(1) An award of statutory damages under the Illinois statutory right of publicity in the amount of $1,000 for each photograph of Mr. Mackey that appears on the Classmates.com website, *see* 765 ILCS 1075/40;

(2) A declaration that PeopleConnect's use of Mr. Mackey's name and likeness constitutes a willful misappropriation of his name, likeness, photographs, images, and other personal information and infringes his rights in violation of Illinois law;

(3) An injunction prohibiting PeopleConnect from using Mr. Mackey's name, photograph, and likeness; and

(4) An award of Plaintiff's reasonable attorneys' fees, costs, and expenses incurred investigating and prosecuting this lawsuit.

**II. This Court Should Enter an Order Allowing Plaintiff to Commence Discovery Related to Class Certification.**

Under Fed. R. Civ. P. 54(b), when an action "presents more than one claim for relief" or when "multiple parties are involved," an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." Here, Plaintiff requests that the Court enter default judgment on behalf of the named Plaintiff, Scott Mackey. Because this order will not resolve the claims of absent Class members, this Court should defer entry of final judgment under Rule 54(b) and enter an order allowing Plaintiff to commence discovery related to class certification.

Although PeopleConnect's failure to answer or respond presents an unusual circumstance, Plaintiff is aware of at least one case in this District in which the court granted default judgment to the named Plaintiff in a putative class action after the defendant failed to answer. *See Trull v. Plaza Associates*, No. 97-cv-0704, 1998 WL 578173, at *1-2 (N.D. Ill. Sep. 3, 1998) (addressing the question of "what effect . . . a default judgment against the sole defendant [has] on the question of class certification"). In *Trull,* the court followed the path Plaintiff requests here. The court entered default judgment for the named plaintiff's individual claims, then granted the named plaintiff "leave to take discovery or otherwise obtain support for her motion for class certification." *See Trull*, 1998 WL 578173, at *2. A district court in Florida recently took the same approach. *See Leo IV v. ClassMoney.net*, No. 18-cv-80813, 2019 WL 238548 (S.D. Fla. Jan. 10, 2019) (granting plaintiff's motion for "Leave to Conduct Class Certification and Damages Related Discovery" after default judgment was entered for the named plaintiff in putative class action alleging violations of the Telephone Consumer Protection Act). Any other conclusion would "give defendants an incentive to default in situations where class certification seems likely." *Leider v. Ralfe*, No. 1:01-CV-3137 HB FM, 2003 WL 24571746, at *8 (S.D.N.Y. Mar. 4, 2003), *report and recommendation adopted in part*, No. 01 CIV. 3137 (HB), 2003 WL 22339305 (S.D.N.Y. Oct. 10, 2003) (discussing *Trull*, 1998 WL578173).

In line with this authority, Plaintiff respectfully requests the Court defer entry of final judgment under Rule 54(b) and enter an order allowing Plaintiff to pursue discovery related to class certification.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) enter default judgment in favor of Plaintiff Scott Mackey under Fed. R. Civ. P. 55; and (2) enter an order allowing Plaintiff to proceed immediately with class certification discovery.

Dated: April 15, 2022

Respectfully Submitted,

*/s/ Raina C. Borrelli*
Raina C. Borrelli
Samuel J. Strauss
TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
raina@turkestrauss.com
sam@turkestrauss.com

Benjamin R. Osborn
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen Street
Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

Michael F. Ram
Marie N. Appel
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
mram@forthepeople.com
mappel@forthepeople.com

Shannon M. McNulty
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
Telephone: (312) 899-9090
SMM@cliffordlaw.com

**CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 15th day of April, 2022.

TURKE & STRAUSS LLP

By:   /s/ Raina C. Borrelli
Raina C. Borrelli *Admitted Pro Hac Vice*
Email: raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423