# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCOTT MACKEY, on behalf of himself and all others similarly situated, ) ) | |
| ) | Case No. 1:22-cv-00342 |
| Plaintiff, ) | |
| ) | Hon. Judge Virginia M. Kendall |
| v. ) | |
| ) | Magistrate Judge Gabriel A. Fuentes |
| PEOPLECONNECT, INC., a Delaware ) Corporation, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT PEOPLECONNECT, INC.'S RESPONSE
## IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

I.  Plaintiff's Motion Is Foreclosed By The Court's Instructions To The Parties At The April 6, 2022 Hearing. ................................................................................................ 1

II. Default Is Inappropriate As A Matter Of Law. ................................................................. 3

CONCLUSION .................................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bentz v. Newbold*,
    843 F. App'x 820 (7th Cir. 2021) ................................................................................................5

*Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*,
    655 F. Supp. 2d 177 (E.D.N.Y. 2009) ........................................................................................4

*Cunningham v. Posnet Servs., LLC*,
    No. 05-CV-4191, 2005 WL 3434067 (S.D. Ill. Dec. 12, 2005) ................................................6

*Fujitsu Ltd. v. Nanya Tech. Corp.*,
    No. C 06-6613, 2007 WL 484789 (N.D. Cal. Feb. 9, 2007) ......................................................6

*Guill v. All. Res. Partners, L.P.*,
    No. 16-CV-0424, 2017 WL 1132613 (S.D. Ill. Mar. 27, 2017) ................................................7

*JMB Mfg., Inc. v. Child Craft, LLC*,
    799 F.3d 780 (7th Cir. 2015) ...........................................................................................3, 4, 7

*Kamparri Trading Ltd. v. Match.com, L.L.C.*,
    No. 12-23573-CIV, 2012 WL 12865851 (S.D. Fla. Dec. 11, 2012).........................................6

*Leider v. Ralfe*,
    No. 01-CV-3137, 2003 WL 24571746 (S.D.N.Y. Mar. 4, 2003) .............................................7

*Leo v. Classmoney.net*,
    No. 18-cv-80813, 2019 WL 238548 (S.D. Fla. Jan. 10, 2019) .................................................7

*Ma v. CVS Pharmacy, Inc.*,
    833 F. App'x 10 (7th Cir. 2020) ...............................................................................................5

*Metropolitan Life Ins. Co. v. Estate of Cammon*,
    929 F.2d 1220 (7th Cir. 1991) ..............................................................................................6–7

*Mommaerts v. Hartford Life & Accident Ins. Co.*,
    472 F.3d 967 (7th Cir. 2007) .....................................................................................................8

*Myers v. Bennett*,
    No. 16-cv-3267, 2017 WL 2573494 (C.D. Ill. June 14, 2017) .................................................5

*Oku v. Oyster Gaston5, LLC*,
    No. 19 C 7673, 2020 WL 5763644 (N.D. Ill. Sept. 28, 2020) .........................................3, 6, 7

*Matter of Plunkett*,
    82 F.3d 738 (7th Cir. 1996) ......................................................................................6, 7

*Stafford v. Mesnik*,
    63 F.3d 1445 (7th Cir. 1995) .........................................................................................5

*Matter of State Exch. Fin. Co.*,
    896 F.2d 1104 (7th Cir. 1990) ...................................................................................6, 7

*Sun v. Bd. of Trs. of Univ. of Ill.*,
    473 F.3d 799 (7th Cir. 2007) ................................................................................4, 5, 7

*Trull v. Plaza Assocs.*,
    No. 97 C 0704, 1998 WL 578173 (N.D. Ill. Sept. 3, 1998)...........................................7

*VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*,
    811 F.3d 247 (7th Cir. 2016) .........................................................................................4

**Other Authorities**

Federal Rule of Civil Procedure 54(b)................................................................................4

Federal Rule of Civil Procedure 55 .........................................................................3, 4, 7, 8

Federal Rule of Civil Procedure 60(b)............................................................................3, 7

**INTRODUCTION**

Plaintiff's Motion for Default Judgment is utterly baseless. At the last status hearing, the Court specifically stated it was going to re-review PeopleConnect, Inc. ("PeopleConnect")'s motion to consolidate and stay to determine the appropriate next steps in this case—either rule on PeopleConnect's motion to consolidate and stay first, or if the Court determined that it needed to resolve the jurisdictional issues related to arbitration first, it would issue an order requiring PeopleConnect to file its motion to compel arbitration. Despite the fact that the Court still is in the process of making that determination and in the absence of any order requiring PeopleConnect to file a responsive pleading in addition to its motion to consolidate and stay, Plaintiff filed his default motion.

Plaintiff filed his motion not because PeopleConnect has failed to engage in this matter—instead, Plaintiff filed his motion because PeopleConnect has engaged in this matter by seeking to prevent the wasteful inefficiencies Plaintiff and his legal counsel seek to create by filing a putative class action lawsuit that is entirely redundant of a putative class action lawsuit his attorneys filed more than a year ago raising the exact same claims on behalf of the exact same class that includes Plaintiff that is now pending before this Court.

Plaintiff's motion, which is premised on inapposite cases that involve the wrong rule and the wrong standard, should be denied.

**I.   Plaintiff's Motion Is Foreclosed By The Court's Instructions To The Parties At The April 6, 2022 Hearing.**

There is a simple answer to Plaintiff's Motion for Default—it is at odds with the directions the Court provided at the April 6, 2022 initial status hearing for advancing this case.

By way of background, on February 8, 2022, the Court held a hearing on Plaintiff's unopposed motion to relate this case to *Bonilla, et al. v. PeopleConnect, Inc.*, No. 1:21-cv-00051,

No. 1:21-cv-00610 ("*Loendorf*"). During that hearing, counsel for PeopleConnect advised the Court it intended to consolidate and seek a stay in this case and that it would file that motion first in lieu of a responsive pleading prior to the deadline for answering or otherwise pleading, which was March 22, 2022. *See* Ex. A, *Loendorf,* Feb. 8, 2022, Hr'g Tr. at 7:18–8:8. On that same day, the Court granted the motion to relate. Dkt. 10. As it informed the Court and opposing counsel that it would, on March 3, 2022, PeopleConnect then moved, over Plaintiff's objection, to consolidate the two cases, as the two lawsuits are redundant—they present the exact same putative class pursuing the exact same causes of action, and Plaintiff Mackey is a member of the *Loendorf* putative class. *See* Dkts. 13, 14. Given that this case is duplicative of *Loendorf*, PeopleConnect, in its motion to consolidate, also asked the Court to stay all proceedings in this case until *Loendorf* reaches a final disposition and to hold PeopleConnect's time to respond to the Complaint in abeyance pending that disposition. *See id*.

The focus of the April 6, 2022 initial status hearing in this case was the case posture given the pending motion to consolidate. *E.g.* Apr. 6, 2022 Hr'g Tr at 3:25–4:2, 7:23–8:9. The parties devoted much of their exchanges with the Court to the key point of disagreement between the parties on consolidation—whether the argument PeopleConnect intended to make that Plaintiff was compelled to arbitrate his claims was sufficiently identical to the one PeopleConnect made in *Loendorf* (which this Court recently resolved by ordering the parties to engage in limited discovery regarding the plaintiff's assent to the arbitration agreement), *see* Order at 4, *Loendorf,* No. 21-cv-00051 (N.D. Ill. Mar. 29, 2022), ECF No. 74; Apr. 6, 2022 Hr'g Tr at 4:13–16, 5:11–6:15, 7:23–10:18. Both parties also noted that PeopleConnect had not answered or filed a Rule 12 motion while it awaited the Court's resolution of the consolidation and abeyance requests. *Id*. at 10:19–11:14. And when the Court asked Plaintiff's counsel whether Plaintiff had moved for default

2

judgment, counsel told the Court she had not because she wanted "to get [the Court's] view on the best way to move forward." *Id.* at 4:23-5:1.

The Court's directive in response was clear. The Court informed the parties it would review the motion to consolidate and then inform the parties as to whether it wished to have PeopleConnect's motion to compel arbitration filed before ruling on the motion to consolidate given its jurisdictional nature, or whether it would defer PeopleConnect's forthcoming dispositive motion until such time as developments in *Loendorf* warrant a new filing. Apr. 6, 2022 Hr'g Tr at 11:12–18, 12:19–13:8. The Court has not yet informed the parties of its decision as to the order in which it wants to address the issues. Thus, there is no basis for Plaintiff to seek a default as the Court already has told the parties that it will inform them of next steps.

## II.     Default Is Inappropriate As A Matter Of Law.

Even assuming *arguendo* that this Court's directive at the initial status hearing as to the appropriate way forward did not moot Plaintiff's default motion, the motion should be both stricken because it is procedurally improper and denied because it is without merit.

Although Plaintiff has moved for default judgment under Federal Rule of Civil Procedure 55(b), he ignores that he must first show entitlement to *entry of default* under Rule 55(a). Worse, Plaintiff misstates the applicable legal standard. According to Plaintiff, the burden is on PeopleConnect to establish "excusable neglect" for its failure to answer. Mot. at 2. But that is the standard under Rules 55(c) and 60(b) for setting aside a default judgment, which applies only if the court *already* has granted default against a party *and* entered judgment, neither of which has occurred here. *See Oku v. Oyster Gaston5, LLC*, No. 19 C 7673, 2020 WL 5763644, at *2–3 (N.D. Ill. Sept. 28, 2020) (evaluating the defendants' motion to vacate default judgment); *see also JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 791–92 (7th Cir. 2015) (explaining that under Rule 55(c) default entered prior to entry of final judgment under Rule 54(b) may be overturned for

3

"good cause" rather than upon more demanding showing of "excusable neglect"). In short, Plaintiff gets the law wrong at every turn.

Because default has not been entered, the threshold issue is whether Plaintiff has carried *his* burden to establish the appropriateness of default under Rule 55(a). *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Under Rule 55(a), default is appropriate only if "a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*." Fed. R. Civ. P. 55(a) (emphasis added). To "otherwise defend" means PeopleConnect need only have communicated its intention to deny Plaintiff's claim. *See Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 185–86 (E.D.N.Y. 2009) (citation omitted). Plaintiff has not shown otherwise. Nor could he. PeopleConnect is actively defending this case. Mem. In Support Of Mot. to Consolidate, Dkt. 14 at 6 (arguing a stay would obviate need to "re-litigate issues in *Mackey* that are substantially similar to, if not identical to, the issues in [*Loendorf*]" and "avoid unnecessarily burdening the Court with duplicative motion practice and other litigation activities" present in *Loendorf*).

*Only after* a default is entered, can the Court reach the issue Plaintiff presents in his motion—albeit under the incorrect legal standard—whether to enter default *judgment* under Rule 55(b)(2). *See VLM Food Trading Int'l, Inc.*, 811 F.3d at 255. With respect to that issue, the Seventh Circuit has cautioned that default judgment under Rule 55(b) is "a weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811, 816 (7th Cir. 2007) (affirming decision to vacate default judgment); *see also JMB Mfg., Inc.*, 799 F.3d at 792 (holding district court abused discretion in refusing to set aside default judgment). Moreover, even if a defendant "willfully disregards pending litigation," the Court *still* should not enter default judgment if the equities do not support imposing that drastic

4

sanction. *See* Sun, 473 F.3d at 811; Bentz v. Newbold, 843 F. App'x 820, 822 (7th Cir. 2021) (holding it "'cannot be an abuse of discretion' when 'a district judge decides to tolerate a defendant's harmless delay in answering a complaint'") (citation omitted); Stafford v. Mesnik, 63 F.3d 1445, 1450, 1452 (7th Cir. 1995) (vacating default as an abuse of discretion when "actual extent of" defendant's "conduct did not merit the court's drastic sanction"); Ma v. CVS Pharmacy, Inc., 833 F. App'x 10, 13 (7th Cir. 2020) (finding no abuse of discretion in denying motion for default judgment even if a "technical default" because defendant took prompt action to respond to complaint when it became clear she had to do so).

*First*, it simply is not true that PeopleConnect has "willfully disregarded" this case. It is actively participating. PeopleConnect waived service. Dkt. 5. PeopleConnect's attorneys filed appearances. Dkts. 6, 7, 8, 9. PeopleConnect fully briefed a Motion to Consolidate and Stay Proceedings. *See* Dkts. 13, 14, 17. In doing so, PeopleConnect requested that the Court stay this matter and hold its deadline to answer or otherwise plead in abeyance. *Id*. PeopleConnect coordinated with Plaintiff to file a Joint Initial Status Report while that motion was pending. Dkt. 18. PeopleConnect appeared at the initial status hearing, during which the parties discussed almost exclusively the pending motion to consolidate. And PeopleConnect made clear to the Court its preparedness to file a motion to compel arbitration should the Court wish PeopleConnect to file it now, rather than after *Loendorf* has reached its conclusion. This is far from "willful[] disregard[]" of the litigation. *See* Sun, 473 F.3d at 811.

*Second*, as an equitable matter, because "imposition of a default judgment must be proportionate to the wrong. … [d]efault judgment for a brief delay that did not result in prejudice to the moving party is disfavored." Myers v. Bennett, No. 16-cv-3267, 2017 WL 2573494, at *1 (C.D. Ill. June 14, 2017) (citing Isby v. Clark, 100 F.3d 502, 504 (7th Cir. 1996)). Here, of course,

5

Plaintiff identifies no discernable prejudice he will suffer for the brief delay in answering while the Court reviews the motion to consolidate. That makes this case like the many others in which a court found a failure to answer to be reasonable when, instead of answering, the defendant filed a motion that would obviate the need for a defendant to answer or otherwise plead. *Cunningham v. Posnet Servs., LLC*, No. 05-CV-4191, 2005 WL 3434067, at *1 (S.D. Ill. Dec. 12, 2005) (denying motion for default judgment when defendant did not answer, but filed a motion to stay, status report, and participated in status conference); *see Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613, 2007 WL 484789, at *5 (N.D. Cal. Feb. 9, 2007) (entry of default "not appropriate" when defendant did not file responsive pleading, but moved to stay under the first-to-file rule); *Kamparri Trading Ltd. v. Match.com, L.L.C.*, No. 12-23573-CIV, 2012 WL 12865851, at *2 (S.D. Fla. Dec. 11, 2012) (same).

Unlike the cases that Plaintiff cites, PeopleConnect is actively defending and participating in this case. In *Oku v. Oyster Gaston5, LLC*, for example, the defendants failed to appear, did not file *any* motion before the answer deadline, and failed to appear at the initial status hearing regarding the motion for default, thus ignoring the litigation entirely while they pursued private settlement negotiations. No. 19 C 7673, 2020 WL 5763644, at *1 (N.D. Ill. Sept. 28, 2020) *see also* Pl.'s Resp. to Defs.' Mot. to Vacate Default J. at 4, 1:19-cv-07673 (N.D. Ill. June 8, 2020), ECF No. 34. In *Matter of Plunkett*, the party "paid no attention to the case" for over a decade, "abandoned the litigation," and thus forfeited its distribution entitlements. 82 F.3d 738, 742 (7th Cir. 1996). In *Matter of State Exchange Finance Company*, the court imposed a sanction of default on the defendant who was an attorney and had evaded service of process, did not file *any* motion or answer before the answer deadline passed, and then made a "frivolous" request for sanctions and other "frivolous" arguments. 896 F.2d 1104, 1105–06 (7th Cir. 1990). And in *Metropolitan*

6

*Life Insurance Company*, the court issued default as a discovery sanction, resulting from the party's repeated failure to comply with discovery orders. 929 F.2d 1220, 1222, 1223-24 (7th Cir. 1991). None of these cases have anything in common with the circumstances presented here.

Moreover, current Seventh Circuit precedent makes clear that default is inappropriate in this case. *Sun*, 473 F.3d at 811 (affirming district court's vacating default, explaining that "a default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing"); *JMB Mfg., Inc.*, 799 F.3d at 792 (observing "lesser sanctions" than default would have been warranted for discovery delays).[1]

Additionally, none of the Seventh Circuit authorities Plaintiff cited considered the impact of default in a putative class action. Furthermore, default judgment would contravene the policy of the first-to-file rule. *See Guill v. All. Res. Partners, L.P.*, No. 16-CV-0424, 2017 WL 1132613, at *2 (S.D. Ill. Mar. 27, 2017). And the Seventh "Circuit has a well established policy favoring a trial on the merits over a default judgment." *Sun*, 473 F.3d at 811.

In all events, it would be appropriate for the Court to extend PeopleConnect's time to answer or otherwise plead even under the Rule 60(b) "excusable neglect" standard Plaintiff purports to apply. The Seventh Circuit has recognized that "[e]xtensions may be granted, after the

---

[1] Significantly, the posture of every case Plaintiff cites was at a more advanced stage than this one and thus applied different standards than the one applicable here. *Oku*, 2020 WL 5763644, at *1 (evaluating motion to vacate default judgment under Rules 55(c) and 60(b)); *Metro. Life Ins. Co.*, 929 F.2d at 1223–24 (evaluating entry of default *judgment*); *Matter of State Exch. Fin. Co.*, 896 F.2d at 1106 (evaluating default judgment in bankruptcy case); *Matter of Plunkett*, 82 F.3d at 742 (evaluating forfeiture of distributions, not Rule 55 default); *Trull v. Plaza Assocs.*, No. 97 C 0704, 1998 WL 578173, at *1 (N.D. Ill. Sept. 3, 1998) (evaluating class certification following default judgment); *Leo v. Classmoney.net*, No. 18-cv-80813, 2019 WL 238548, at *1 (S.D. Fla. Jan. 10, 2019) (evaluating motion for class certification discovery after clerk entered default); *Leider v. Ralfe*, No. 01-CV-3137, 2003 WL 24571746, at *1 (S.D.N.Y. Mar. 4, 2003), *report and recommendation adopted in part*, No. 01 Civ. 3137, 2003 WL 22339305 (S.D.N.Y. Oct. 10, 2003) (evaluating class certification after default judgment entered).

time for action has passed, when justified by 'excusable neglect.'" *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) (citation omitted). As shown above, PeopleConnect's conduct in this litigation has demonstrated its intention to expeditiously litigate this matter in a manner that does not unduly burden the Court. *Id.* PeopleConnect moved to consolidate and hold this case in abeyance so as to avoid wasteful and duplicative motion practice that is not in anyone's interest—least of all, in the Court's interest. Given that purpose, it simply is not equitable to grant an opportunistic default to Plaintiff because PeopleConnect was awaiting this Court's review of a motion that sought to minimize the burden on all parties. *See id.*

In short, the law regarding Rule 55(a) simply is not on Plaintiff's side. The motion for default thus has no legal basis and should be flatly denied.

## **CONCLUSION**

For the foregoing reasons, PeopleConnect respectfully requests that the Court deny Plaintiff's baseless motion for default judgment.

8

Dated: May 2, 2022

Respectfully Submitted,

PEOPLECONNECT, INC.

By: */s/ Wade A. Thomson*

Wade A. Thomson, #6282174
Debbie L. Berman, #6205154
Clifford W. Berlow, #6292383
Sarah L. Futernick, #6315365
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
wthomson@jenner.com
dberman@jenner.com
cberlow@jenner.com
sfuternick@jenner.com

*Attorneys for Defendant PeopleConnect, Inc.*

9

## **CERTIFICATE OF SERVICE**

I, Wade A. Thomson, certify that on May 2, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Wade A. Thomson*
Wade A. Thomson