IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT MACKEY, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-00342 |
| v. | ) ) | Hon. Judge Virginia M. Kendall |
| PEOPLECONNECT, INC., a Delaware Corporation, | ) ) ) | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) ) | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY MERITS DISCOVERY PENDING RESOLUTION OF ITS MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(3) AND 12(b)(6)

In opposing PeopleConnect's request that merits discovery be stayed while the Court reviews its Motion to Compel Arbitration, or in the Alternative, Dismiss Plaintiff's Complaint ("Motion to Compel Arbitration"), Plaintiff depicts the Motion to Compel Arbitration as a run of the mill motion to dismiss. It is not. Because the motion seeks to compel arbitration, it goes to the Court's jurisdiction, Dkt 34-1 at 11:15-16, and as Plaintiff concedes, stays of merits discovery are warranted when a motion raises a threshold jurisdictional issue, *see* Opp. 7.

Plaintiff acknowledges that courts have "broad discretion" when deciding whether to stay merits discovery, and urges the Court to focus its consideration on: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." Opp. 4. Given the arguments PeopleConnect has made in its Motion to Compel Arbitration, which Plaintiff all but ignores, these factors, in fact, favor a stay of merits discovery. Indeed, every court in this District, including this one, to have considered and

addressed a similar Motion to Compel Arbitration has ordered arbitration-related discovery and stayed the remaining issues pending a resolution of arbitration.[1] The motion should be granted.

## ARGUMENT

### I. A Stay Will Not Prejudice Plaintiff.

Plaintiff begins by asserting that a stay "will prejudice Plaintiff, the Class, and the judicial process." Opp. 5. He is wrong on all counts.

*First*, Plaintiff argues "Defendant's motion to compel or dismiss is not well founded" and he thus will be prejudiced by a delay. *Id.* However, Plaintiff ignores that delay is not prejudice, as courts discount "[t]he general prejudice of having to wait for resolution." *Medline Indus., Inc. v. C.R. Bard, Inc.*, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019) (citation omitted). Moreover, Plaintiff will benefit by not having to spend the time and resources on non-jurisdictional discovery that may well be unnecessary. And, in all events, PeopleConnect has suppressed Plaintiff's name and image from Classmates.com, which moots any concern Plaintiff may have regarding the conduct alleged in the Complaint itself. Decl. of Tara McGuane. Dkt. 14-4 ¶11.

*Second*, Plaintiff asserts that a stay will prejudice the putative class because "PeopleConnect is continuing to violate the class members' right of publicity." Opp. 5. But this too is irrelevant because there is no class, as no class has been certified. *See Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022) (finding stay would not prejudice plaintiff in putative class). Further, though Plaintiff claims it is "inappropriate" for

---

[1] *La Fronza et al. v. PeopleConnect, Inc. et al.,* No. 1:21-cv-03027 (N.D. Ill. Apr. 29, 2022) (Durkin, J.), ECF No. 38; *La Fronza et al. v. Instant Checkmate, LLC,* No. 1:21-cv-03025 (N.D. Ill. May 2, 2022) (Ellis, J.), ECF No. 49; *Kupiec v. TruthFinder, LLC,* No. 1:21-cv-03026 (N.D. Ill. June 3, 2022), ECF No. 42 (Rowland, J.); *Azuz v. Accucom Corp.,* No. 1:21-cv-01182 (N.D. Ill. Feb. 15, 2022), ECF No. 32 (Seeger, J.).

the court to consider the merits of the Motion to Compel Arbitration, Opp. 1, his argument as to class prejudice is predicated on his assumption that his claim has merit—which is unfounded.

*Third*, concern about the judicial system supports *staying* merits discovery, not proceeding with it. Again, the immediate issue before the Court is a motion to compel *arbitration*. *See CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) (citing 9 U.S.C. § 7) ("If a dispute is arbitrable, … for the sake of economy and in contrast to the practice in adjudication, parties to an arbitration do not conduct discovery; the arbitrators do."); *Metro Fibernet, LLC v. Johnson Controls, Inc.*, No. 3:21-cv-00059, 2022 WL 1492514, at *10 (S.D. Ind. Apr. 22, 2022), report and recommendation adopted, No. 3:21-cv-00059, 2022 WL 1486957 (S.D. Ind. May 11, 2022) (granting stay of discovery pending ruling on motion to compel arbitration). Permitting merits discovery in a matter that may not proceed in a judicial forum is wasteful, and would undercut the arbitration process, where the rules for discovery are very different. And though Plaintiff urges the Court to consider the impact on society of a delay to its "truthseeking function," Opp. 5–6, Plaintiff excised language from the case it cites for this principle making clear this is but one factor to consider when weighing the "totality of the circumstances." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (affirming district court's refusal to compel deposition). The totality of these circumstances, given the issues presented, supports a stay.

## II.     A Stay Will Simplify and Streamline Issues.

In claiming that a stay could not increase efficiency, Plaintiff argues that PeopleConnect has not raised "threshold issues." Opp. 8. The argument is preposterous. PeopleConnect is urging the Court to hold as a threshold jurisdictional matter that Plaintiff may pursue his claim *only* in arbitration. While Plaintiff calls that request "frivolous," Opp. 7, the Court's own rulings, to say nothing of decisions from other courts in this District cited above, makes clear it is anything but

frivolous.[2] Further, it is difficult to see how claims of immunity under the Communications Decency Act or of preemption under the Copyright Act are not "threshold issues."

Plaintiff then complains there already has been too much delay because PeopleConnect has been dilatory. Opp. 8. PeopleConnect will spare the Court a recounting of the history of this litigation, but it is absurd to suggest that any of its submissions about how this putative class action should proceed—which is a putative class action entirely redundant of an already pending putative class action in this Court—were improper. If anything, it is Plaintiff's filing of a duplicative class action lawsuit that is wasteful.

### III. Merits Discovery Will Burden PeopleConnect.

Finally, in arguing that PeopleConnect will not be burdened by discovery, Plaintiff turns a blind eye to both his Complaint and the relief sought by the Motion to Compel Arbitration.

*First*, though Plaintiff faults PeopleConnect for not including a "meaningful estimate of the costs" associated with merits discovery, Opp. 9, it is recognized that merits discovery in a putative class action is particularly expensive and burdensome, thus making it especially appropriate to stay merits discovery in such cases. *E.g.*, *Rodriguez*, 2022 WL 704780, at *2 (granting stay of discovery pending resolution of motion to dismiss); *accord In re Clearview AI, Inc. Consumer Priv. Litig.*, No. 21 C 135, 2021 WL 5862495, at *1 (N.D. Ill. Aug. 31, 2021) (same, in part because a "class defendant" would be exposed to "extensive discovery"); *Morrison*

---

[2] A recent Ninth Circuit decision makes clear this argument has merit. *E.g.*, *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824 (9th Cir. 2022) (vacating district court denial of motion to compel arbitration and remanding for arbitration-related discovery). Without acknowledging that ruling, Plaintiff cites an unpublished per curiam decision of the Ninth Circuit, Opp. 7, but ignores that the panel there emphasized an idiosyncratic rule of California contract law that is not generally applicable. *See Callahan v. PeopleConnect, Inc.*, No. 21-16040, 2022 WL 823594, at *1 (9th Cir. Mar. 18, 2022). Plaintiff also cites a decision from the Western District of Washington but fails to mention that it is on appeal to the Ninth Circuit. *Boshears v. PeopleConnect, Inc.*, No. C21-1222 MJP, 2022 WL 888300 (W.D. Wash. Mar. 25, 2022), *appeal docketed*, No. 22-35262 (9th Cir. Mar. 28, 2022).

*v. YTB Int'l, Inc.*, No. 08-565, 2010 WL 1931127, at *1–2 (S.D. Ill. May 13, 2010) (granting motion to stay in putative class action).

*Second*, Plaintiff once again ignores that PeopleConnect in its Motion to Compel Arbitration is seeking to compel *arbitration*. That is significant given that one of the chief benefits of arbitration is the more streamlined approach to discovery than what is provided for by the Federal Rules of Civil Procedure. The applicable AAA rules make clear that the arbitrator may allow only "specific documents and other information [including identities of witnesses] to be shared between the consumer and business," and exchanges must comport with "a fast and economical process." AAA Consumer Arb. R. R-22-(a). PeopleConnect would lose the benefit of those rules if it must proceed with merits discovery, only to later prevail with respect to arbitration.

## **CONCLUSION**

For the foregoing reasons, PeopleConnect respectfully requests that this Court grant its Motion to Stay Discovery Pending Resolution of its Motion to Compel Arbitration Or, In The Alternative, Dismiss.

Dated: July 25, 2022                                Respectfully Submitted,

                                                    PEOPLECONNECT, INC.

                                                    By:  */s/ Wade A. Thomson*

                                                  Wade A. Thomson, #6282174
                                                  Debbie L. Berman, #6205154
                                                  Clifford W. Berlow, #6292383
                                                  Sarah L. Futernick, #6315365
                                                  JENNER & BLOCK LLP
                                                  353 N. Clark Street
                                                  Chicago, IL 60654-3456
                                                  Telephone: 312 222-9350
                                                  Facsimile: 312 527-0484
                                                  wthomson@jenner.com
                                                  dberman@jenner.com
                                                  cberlow@jenner.com
                                                  sfuternick@jenner.com

                                                  *Attorneys for Defendant PeopleConnect, Inc.*

**CERTIFICATE OF SERVICE**

I, Wade A. Thomson, certify that on July 25, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Wade A. Thomson*
Wade A. Thomson