IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT MACKEY, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>　　　　　　　　　　Defendant. | Case No. 1:22-cv-00342<br><br>Hon. Judge Virginia M. Kendall<br><br>Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S COMPLAINT**

PeopleConnect's supplemental memorandum is not only unpersuasive, it also raises an entirely new legal argument that was absent from Defendant's opening motion and thus waived. Both *Huston v. Hearst Commc'ns*, 53 F.4th 1097 (7th Cir. 2022) and this Court's ruling in *Bonilla v. Ancestry.com Operations Inc.*, No. 20 C 7390, --- F. Supp. 3d ---, 2022 WL 4291359 (N.D. Ill. Sept. 16, 2022) support Plaintiff's claims here. Defendant's motion should be denied.

ARGUMENT

A.　*Huston v. Hearst* **confirms that PeopleConnect's advertisements are a public "holding out" and a "commercial use" under the IRPA.**

In *Hearst*, 53 F.4th 1097, the Seventh Circuit confirmed the reasoning on which this Court denied the motion to dismiss in *Bonilla v. Ancestry.com*, 574 F. Supp. 3d 582 (N.D. Ill. 2021), which is the same reasoning Judge Feinerman applied in denying a similar motion in *Lukis v. Whitepages*, 542 F. Supp. 3d 831, 837-38 (N.D. Ill. 2020). The Seventh Circuit confirmed that a plaintiff properly states an IRPA claim when she alleges that "prospective . . . purchasers were

1

able to see her . . . information . . . prior to their purchase." *Hearst*, 53 F.4th at 1100. The Court observed that, "[o]n its face, the [IRPA] prohibits the use or holding out of an individual's identity with the aim of effectuating a sale." *Id.* at 1101. Therefore, a website's display of an individual's identity that "either accompan[ies] an offer to sell or precede[s] the sale" is a "public use" and a "holding out" of that individual's identity within the meaning of the IRPA. *Id.* The Seventh Circuit observed that, in both *Lukis* and in *Dobrowolski v. Intelius*, No. 17-CV-1406, 2018 WL 11185289, at *3 (N.D. Ill. May 21, 2018), the defendant websites engaged in "public use" and "holding out" because they "held out limited information about the plaintiff to entice a commercial transaction" by publishing a searchable "free preview" of information about the plaintiff, which anyone could access by entering the plaintiff's name in a search bar on the defendants' websites. *Hearst*, 53 F.4th at 1100; *see Lukis*, 542 F. Supp. 3d at 835 ("Anyone can search the Whitepages website for a person's name and gain access to free information connected with that name"); *Dobrowolski*, 2018 WL 11185289, at *3 ("When a consumer searches for a person's first and last name . . . an advertisement is automatically generated"). In the case on appeal in *Hearst*, by contrast, the plaintiff's name and identity were not visible until *after* a purchase had been made. *Hearst*, 53 F.4th at 1101-02. Therefore, there was no public "holding out" and no "use[] to sell or promote" under the IRPA. *Id.* at 1100.

      Here, as in *Bonilla*, *Lukis*, and *Dobrowolski*, Plaintiff Mackey alleges that PeopleConnect publicly displays and holds out his name and likeness by offering a search bar through which anyone may search for the Plaintiff or any other Class member (Dkt. No. 1 ("Compl."), at ¶ 51). PeopleConnect then displays the Plaintiff's name and likeness (represented as a low-resolution version of his childhood photograph) (*id*. at ¶ 52) followed by a prompt to purchase a paid subscription to www.classmates.com. *Id.* at ¶¶ 53-55. As required by *Hearst*, the prompts to

2

purchase come *after* Plaintiff's identity is displayed (*id.* at ¶ 53) and *while* Plaintiff's identity is onscreen. *Id*. at ¶ 55. PeopleConnect's advertisements are in all relevant respects identical to those at issue in *Bonilla*. Both websites offer searchable access to low-resolution yearbook photographs depicting the plaintiffs and class members as children, followed by a prompt to purchase a website subscription to view higher-resolution photographs and gain access to additional services. *Compare* Compl., at ¶¶ 49-56; *with Bonilla*, 574 F. Supp. 3d at 592 ("Plaintiff also alleges that non-users are shown a limited version of the record (including a low resolution photograph) with a promotional pop-up advertisement promising access to Plaintiff's identity and likeness if they sign up for a paid subscription"). The advertisements in this case, *Bonilla*, *Dobrowolski*, and *Lukis* all fall on the same side of the analytical line described in *Hearst*. Because PeopleConnect displays Plaintiff's and Class member's childhood photographs *prior to* or *at the same time as* the subscription solicitation, Plaintiff has alleged a public holding out, and therefore a "commercial use," under the IRPA. *See Hearst*, 53 F.4th at 1102 (distinguishing *Brown v. ACMI Pop Division*, 375 Ill. App. 3d 276, 278, 873 N.E.2d 954, 956 (2007), because in *Brown* "it was clear that the plaintiff's identity," represented in "low-resolution or watermarked versions of [their] photographs," "was held out to advertise . . . the high-resolution version of the same image."). Therefore, the Seventh Circuit's decision in *Hearst* confirms that this Court should deny PeopleConnect's pending motion to dismiss for failure to state an IRPA claim.

      PeopleConnect claims that *Hearst* supports the proposition that "the plaintiff's likeness must have been *actually* presented to a third party." Dkt. No. 66, at *3. That is not what the Seventh Circuit said. Nothing in *Hearst* suggests that a plaintiff must allege that a member of the public searched for his name and viewed the specific advertisement incorporating his photograph or profile. In fact, the Seventh Circuit affirmed the lower court's dismissal of the complaint in *Hearst*

3

because the plaintiff "did not allege that Hearst solicited . . . purchasers by publicizing her information" and "did not allege prospective . . . purchasers were **able** to see her or any other subscribers' information, in whole or in part, prior to their purchase." 53 F.4th at 1100 (emphasis added). Thus, the Seventh Circuit strongly suggested – and arguably explicitly ruled – that a plaintiff alleges "commercial use" and "holding out" under the IRPA so long as the defendant "publiciz[ed] her information" such that prospective purchasers "were **able** to see her . . . information." *Id.* (emphasis added). Here, Plaintiff alleges that PeopleConnect "publiciz[ed]" the advertisements incorporating his photographs as a child by making them publicly accessible on the Internet, and that prospective purchasers were "able to see" his likeness because they could freely search for his name. Compl., at ¶¶ 49-56. As *Hearst* confirms, this establishes a public "holding out" and a "commercial use" under the IRPA. As the Seventh Circuit wrote, "able to see" – not actually saw – is all that is needed. 53 F.4th at 1100.

Thus, there is no hint of a requirement – either in the IRPA, *Hearst*, or in any other caselaw – that the advertisement be actually viewed by a member of the public. Indeed, multiple district court judges, including Judge Feinerman, have explicitly ruled that no such requirement exists. *See, e.g.*, *Fischer v. InstantCheckmate LLC*, 2022 WL 971479, at *11 (N.D. Ill. Mar. 31, 2022) (Feinerman, J.) (the IRPA "does not impose a viewership requirement"); *Siegel v. ZoomInfo Techs.*, No. 21-cv-2032, 2021 WL 4306148, at *3 (N.D. Ill. Sep. 22, 2021) (rejecting argument that "actual view[ing]" must be alleged); *Knapke v. PeopleConnect*, 553 F. Supp. 3d 865, 876 (W.D. Wash. 2021) (while common law false light claims require "some allegation that members of the public saw the offending image," there is "no valid basis" to import this requirement into the right of publicity). Had the Seventh Circuit disagreed on this point, it could have said so in *Hearst*. Instead, after analyzing *Lukis* at length, the Seventh Circuit confirmed that the allegations

4

in *Lukis* established a public "holding out" and therefore satisfied the "commercial use" requirement. *Hearst*, 53 F.4th at 1100. The operative *Lukis* complaint does not allege that a member of the public viewed the plaintiff's profile. No. 19-cv-4871, Dkt. No. 249 (filed Apr. 28, 2022) (alleging only that "Upon accessing Whitepages' website, the public-at-large is free to enter the first and last name of a particular individual via a search bar").

In sum, *Hearst* confirms that Plaintiff's allegations establish a public "holding out" and "commercial use" under the IRPA. PeopleConnect's motion to dismiss should be denied.

**B.      Plaintiff's Claim Should Not Be Dismissed As Time Barred.**

In its supplemental memorandum, without leave of Court, PeopleConnect raises an entirely new argument that was not made in its motion. Relying on *Bonilla v. Ancestry.com Operations Inc.*, No. 20 C 7390, --- F. Supp. 3d ---, 2022 WL 4291359 (N.D. Ill. Sept. 16, 2022), a summary judgment case, PeopleConnect asks the Court to dismiss Plaintiff's IRPA claim without further discovery on the basis of a four-paragraph declaration from a PeopleConnect employee. This is not procedurally improper and substantively wrong. This Court's ruling in *Bonilla* does not control the outcome of PeopleConnect's motion to dismiss here where no discovery has occurred on the issue of when Plaintiff's yearbook photo was published and to what extent PeopleConnect changed or altered its use of Plaintiff's photo for advertising purposes since original publication. Without that information, a ruling on PeopleConnect's statute of limitations argument is premature.

PeopleConnect's motion to dismiss does not raise statute of limitations as a basis for dismissal. *See generally* Dkt. Nos. 45, 57. PeopleConnect did not get leave of the Court to raise this entirely new argument in its supplemental briefing, instead representing to the Court that the only basis for supplementation was the *Hearst* decision. Thus, this argument should be rejected outright on procedural grounds. *Cf. Tovar Snow Pros., Inc. v. ACE Am. Ins. Co.*, No. 20 C 1060,

2020 WL 5658705, at *2 (N.D. Ill. Sept. 23, 2020) (arguments raised for the first time in a reply are waived); *Carroll v. Lynch*, 698 F.3d 561, 564 n.2 (7th Cir. 2015) (same). PeopleConnect failed to raise this argument in its opening motion and should not be permitted to make it here on an undeveloped factual and legal record. Should the Court entertain this argument at this stage of the case, Plaintiff requests the opportunity for full briefing.

Notwithstanding the procedural impropriety of this argument, *Bonilla* does not mandate dismissal here. In *Bonilla*, the Court first determined that, because the Illinois Supreme Court had never addressed the proper limitations period for IRPA claims, the finding in *Blair* controls and a one-year statute of limitations applied to plaintiff Bonilla's IRPA claim. 2022 WL 4291359, at *2-3. The Court further determined that the statute of limitations period for an IRPA claim begins "when the allegedly infringing publication was first published." *Id.* (quoting *Toth-Gray*, 2019 WL 3555179, at *4). Citing the evidence in the record, the Court concluded that the plaintiff had not filed his Complaint within one year of the publication of his yearbook photo. *Id.* at *3 (citing to the defendant's L.R. 56.1(A) Statement of Undisputed Material Facts).

However, this was not the end of the Court's analysis. Bonilla argued that the limitations period restarted with each generation of an advertisement in response to a search for his name. *Id.* at *3. The Court declined to apply the "continuing violation exception" to the facts in *Bonilla*, finding that "the undisputed facts show the company never changed, altered, reused, or expanded upon the original image." *Id.* (citing to the defendant's L.R. 56.1(A) Statement of Undisputed Material Facts). The Court cited to two contrary decisions where the defendants used either "different channels" of media, "different geographic locations" and other attempts to reach a new audience with the republished advertisements as examples of the types of facts that were ***not*** present in *Bonilla*. *Id.* (citing *James L. Yeager, Ph.D. & Midwest Research Labs., LLC v. Innovus*

6

*Pharms., Inc.*, No. 18-cv-397, 2019 WL 447743, at *6 (N.D. Ill. Feb. 5, 2019); *Wells v. Talk Radio Network-FM, Inc.*, No. 07-cv-4314, 2008 WL 4888992, at *3 (N.D. Ill. Aug. 7, 2008)).

Each of these key findings in *Bonilla* – that the plaintiff had not filed his Complaint within one year of the publication of his yearbook photo and that Ancestry did not change or alter the original advertisement – is directly tied to facts developed in the case and submitted by Ancestry under L.R. 56.1(A). The factual record is not similarly developed here, and PeopleConnect's pending motion is made under Rule 12(b)(6), not Rule 56. It is simply premature to decide these issues, particularly in reliance on *Bonilla*, where this case is in its earliest stages and no discovery has occurred. Plaintiff should have the opportunity to test the accuracy of the statements submitted in Ms. McGuane's declaration about the publication date of Plaintiff's yearbook and to develop a record showing that PeopleConnect's use of Plaintiff's yearbook photo has changed over time such that the continuing violation exception applies. If the Court considers this argument by PeopleConnect, which was not raised in its initial motion to dismiss, Plaintiff asks that he be permitted to conduct discovery on these issues and then submit full briefing, before the Court dismisses his IRPA claim on what amounts to a summary judgment standard.

Even had PeopleConnect properly moved for summary judgment accompanied by supporting facts, and even were the Court to rule that Plaintiff Mackey's claim is barred by the statute of limitations, the proper remedy would not be, as PeopleConnect requests, dismissal of Plaintiff's Class claims. Rather, the Court should allow leave to substitute a new named plaintiff. *See Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006); *see also Braundmeier v. Ancestry.com*, No. 20-cv-7390, Dkt. No. 117 (Kendall, J.) (order denying motion to compel arbitration against two named plaintiffs who were substituted after this Court ruled that the initial named plaintiff's claim was time-barred).

## **CONCLUSION**

For the reasons stated here, as well as the reasons detailed in Plaintiff's opposition to Defendant's motion (Dkt. No. 50), the motion to compel arbitration or, in the alternative, to dismiss Plaintiff's Complaint (Dkt. No. 44) should be denied.

Dated: December 21, 2022 Respectfully Submitted,

*/s/ Raina C. Borrelli*
Raina C. Borrelli
Samuel J. Strauss
TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
raina@turkestrauss.com
sam@turkestrauss.com

Benjamin R. Osborn
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen Street
Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

Michael F. Ram
Marie N. Appel
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
mram@forthepeople.com
mappel@forthepeople.com

Shannon M. McNulty
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
Telephone: (312) 899-9090
SMM@cliffordlaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 21st day of December, 2022.

                         TURKE & STRAUSS LLP

                         By:  */s/ Raina C. Borrelli*
                               Raina C. Borrelli
                               Email: raina@turkestrauss.com
                               TURKE & STRAUSS LLP
                               613 Williamson St., Suite 201
                               Madison, WI 53703
                               Telephone: (608) 237-1775
                               Facsimile: (608) 509-4423

                         *Attorneys for Plaintiff*